HOUSTON *v*. WOLCOTT & CO.

The law will not protect a careless, negligent garnishee, any more than it will justify carelessness in any other party or suitor, and especially where such negligence may result to the injury of a *bona fide* creditor.

To entitle a garnishee to relief in equity, against a judgment at law, when his defense could have been made in a court of law, he must show that his failure to make defense to the judgment complained of, was not attributable to his own omission, neglect or default.

In March, 1854, W. & Co., having a judgment against one F., issued exe-

cution thereon, and notified H. to answer as garnishee. He appeared and answered, and thereupon judgment was rendered against him for the sum shown by the answer to be due F. In October, 1854, one V., as a creditor of F. & Co., summoned H. as garnishee. To this summons he answered, showing an indebtedness to F., or F. & Co., for which judgment was rendered against him in favor of V. This judgment he paid, and the judgment in favor of W. & Co. being demanded, he refused payment, and instituted proceedings in chancery, to enjoin the collection of the judgment of W. & Co., alleging in his bill, that he did not know of the rendition of the judgment in favor of W. & Co., until after he had paid T.; that his answer in each case refers to the same indebtedness, and that he is in no manner indebted to F. or to F. & Co.; and that the same day that he made his answer under the execution of the respondents, W. & Co., he left home, and was absent from the State, for some six weeks. The cause was heard upon bill, answer, replication, and testimony, and the bill dismissed; *Held*, That the bill was properly dismissed.

### *Appeal from the Lee District Court.*

WEDNESDAY, NOVEMBER 3.

In March, 1854, Wolcott & Co., having a judgment against one Farner, issued an execution thereon, and notified Houston to answer as garnishee. He appeared, made answer as required by the Code, and thereupon, judgment was rendered against him for the amount shown by the answer to be owing. In October, 1854, one Vining, as a creditor of Farner & Co., summoned Houston as garnishee. To this summons he answered, showing an indebtedness to either Farner, or Farner & Co., for which judgment was rendered against him, in favor of the plaintiff, Vining. This judgment he paid, and the judgment in favor of Wolcott & Co., being demanded, he refused payment, and instituted this proceeding in chancery, to enjoin its collection. He states, in his bill, that he did not know of the rendition of the judgment in favor of Wolcott & Co., until after he had paid Vining; that his answer in each case, refers to the same indebtedness, and that he is in no manner indebted to Farner, or Farner & Co.; and that on the same day that he made his answer, under the execution of

respondents, he left home, and was absent from the state for some six weeks.    There was an answer, replication, and testimony taken ; and upon a final hearing, the bill was dismissed, and complainant appeals.

*Edwards & Turner*, for the appellant.

*Rankin, Miller & Enster*, for the appellees.

WRIGHT, C. J.—We see no good reason for disturbing this decree.    It is true, that a garnishee, as between the creditor and debtor, is an indifferent person.    He owes the debt to some one, and should not be required to pay it but once, unless, indeed, he brings upon himself a double liability by his own negligence.    The law will not protect a careless, negligent garnishee, any more than it will justify carelessness in any other party, or suitor; and especially where such negligence may result to the injury of a *bona fide* creditor.

In this case, complainant states that he did not know of the existence of the judgment against him, in favor of respondents.    And yet, he might have known it, by the use of the slightest diligence.    He says that he supposed that the proceedings would be returned into the district court, and final action be taken there, upon the answers made by him.  . This was a mistake on his part, as to the law governing the case, and his ignorance in this respect, cannot excuse him.

Appellant cites *Hair et al.* v. *Lowe*, 19 Ala., 224.    The case is against him ; says DARGAN, C. J., in that case: " To entitle a party to relief in equity, against a judgment at law, when his defense could have been made in a court of law, he .must show two things: *First:* That his failure to make defense, was not attributable to his own *omission, neglect, or default*; and *Secondly :* That his defense is good to the entire cause of action, or such part of it as he proposes by his bill to litigate.    He must show that injustice has been done by the judgment at law, and this, without

any fault or neglect on his part." And see Story's Eq. Jur., 887. The case referred to, was in chancery, by a garnishee, for a relief against a judgment at law. The relief was denied, for the reason, among others, that complainant had failed, through negligence, to defend at law.

And to the same effect is *Penny* v. *Martin*, 4 Johns. Ch., 566, where it is said, that if there is neither accident nor mistake, misrepresentation nor fraud, chancery has no jurisdiction to afford relief, although the party has lost his remedy at law, through ignorance of a fact which he might have learned with due diligence and inquiry, or by bill of discovery. And see *Vilas* v. *Jones*, 1 Cons., 274; *Hungerford* v. *Sigerson*, 26 Howard, 156. In this last case, it is said, that "where a party has failed to make a proper defense at law, through negligence, equity will not aid him. If by accident, or fraud, such a defense has been prevented, a court of equity may grant relief."

We have said that complainant, by the use of the slightest diligence, might have known of the judgment of which he now complains, at the time he paid Vining. It is true, he was gone from the state for some time after answering. He left an agent here, however, and the justice rendering the judgment, states, that he informed this agent of it, within a few days after its rendition. Not only so, but complainant knew that he had been garnished at the suit of respondents, and had answered. It was his duty to ascertain what order was made, if any, against him in that proceeding, before he paid Vining. If he had done this, and filed his bill, making the respondents and Vining parties, compelling them to interplead, and calling upon the court to determine to whom he should pay the money, he might have obtained relief. Under the proof made in this case, however, there is no sufficient ground for interfering with the judgment at law.

Decree affirmed.