BURLINGTON AND MISSOURI RIVER RAILWAY CO. v. HALL *et al.*

1. **Garnishment:** CONCLUSIVE EFFECT OF JUDGMENT. Where, in a garnishment proceeding, a justice of the peace, having jurisdiction of the person of the garnishee, as well as of the subject-matter, renders an erroneous judgment against him, from which he neglects to appeal, a court of equity will not grant relief.

2. —— Nor can the garnishee relieve himself from the effect of the judgment by paying into the hands of the sheriff, after its rendition, the amount actually due the debtor.

Burlington and Missouri River Railway Co. v. Hall.

*Appeal from Montgomery District Court.*

SATURDAY, DECEMBER 13.

THIS cause was submitted to the district court upon an agreed statement of facts setting forth in substance that the defendant Hall, on the 17th of July, 1871, obtained judgment against one C. Templin for $53.33 and costs, in an attachment suit commenced before C. M. Mills, a justice of the peace of said county, and that A. Mallory, as station agent of said railway company, was attached as garnishee, and answered acknowledging an indebtedness from said railway company to said Templin to the amount of $459.10, less previous garnishments, named; whereupon said justice rendered judgment against said railway company for $53.33, and $3.40 costs, and ordered execution thereon.

The judgments in the suits upon which defendant had before been garnished amount to the full sum which defendant owed Templin. Writs of execution were issued upon all the judgments, and were placed in the hands of the sheriff for execution. While these writs were in the hands of the sheriff said railway company paid to him the said sum of $459.10 upon said suits.

The sheriff applied this money in discharge of the judgments in the order in which the various suits of attachment were levied, whereby said money was exhausted in paying off the judgments and costs in the cases commenced prior to that of the defendant Hall. Execution has issued in the case of *Hall* v. *Templin,* and is in the hands of the defendant Shafer, deputy sheriff, who, thereunder, has levied upon property of said railway company. The object of the agreed case is to determine the liability of the railway company under said judgment.

The court decreed that the judgment is valid and binding, and that, from the facts stated, the railway company could not be relieved therefrom. The company appeals.

*C. E. Richards* for the appellant.

*Mayne & McPherson* for the appellees.

DAY, J. — The justice of the peace had jurisdiction over the subject-matter and the person of the garnishee. His judgment, though erroneous, is not void. It works an injustice that the garnishee should be required to pay the creditors of Templin more than was due Templin himself. But it is the same kind of injustice that is always wrought when an erroneous judgment is entered. If the court entering a judgment has jurisdiction to render it, the enforcement of it will not afterward be restrained merely because it is an improper or unjust judgment. The remedy of the aggrieved party is by appeal, or writ of error, or some other direct proceeding. If he neglect to urge the error in the judgment in some such mode he is deemed to have waived the same, and the judgment becomes conclusive.

The effect of an order of the district court discharging the garnishee from liability upon this judgment would have been the same as though an injunction had issued restraining the enforcement of the judgment.

It is a familiar principle of equity that, to entitle a party to relief against a judgment at law, it must appear that it is against conscience to execute the judgment, and that the party applying for relief has been guilty of no fault or negligence. See cases cited in Dillon's Digest, 213. The application of this principle to the case in hand denies any equitable relief to the garnishee. The garnishee might have appealed from the judgment (Rev., § 3214), and was negligent in not doing so.

It is a further principle of law, well settled, that the proceedings of a court, having jurisdiction over the cause and the parties, cannot be questioned collaterally, and are absolutely binding, until set aside by the tribunal in which they occurred, or regularly reversed on error. *Mason* v. *Messenger & May*, 17 Iowa, 261–274. See, also, cases cited in Hammond's Digest, 539.

Judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered. Rev., § 2621. It is true a garnishee is not to be placed in a condition of liability to pay a debt twice. Yet he may place himself in such a condition by his neglect. The law will not justify carelessness or neglect in a garnishee any more than in any other suitor. *Houston* v. *Wolcott & Co.*, 7 Iowa, 173 ; Drake on Attachment, 3d ed., § 6582, and cases cited.

The garnishee claims relief because of the payment of the amount due Templin to the sheriff. This payment was made after judgments had been rendered in all the cases, and the executions thereon were in the hands of the sheriff. "A garnishee may, at any time after answer, exonerate himself from further responsibility by paying over to the sheriff the amount owing by him to the defendant, or by placing at the sheriff's disposal the property of the defendant." \* \* \* \* Rev., § 3207. The true sense of this section is, that after such payment to the sheriff no further or additional responsibility shall be incurred. But the garnishee cannot, we apprehend, by such payment, discharge himself from a liability which has before attached ; he cannot displace a judgment already rendered. If he could do so it is clear that he might very seriously affect the interests of the creditor. For he might mistakenly answer that he was indebted to a large amount, thus inducing the creditor to abandon the pursuit of other property, and after judgment had been rendered against him, displace it by paying to the sheriff the small amount which he actually owed. It is apparent that a compliance with the provisions of this statute merely exonerates, in the language of the statute itself, *from further responsibility*, and that it does not discharge liabilities which have attached.

The district court, under the agreed facts stated, had no authority to discharge the garnishee from the judgment.

Affirmed.