### E. G. Thomas v. George Baker, *as Sheriff of Trego County.*

1. Attachment — *Appearance — Replevin.* Where one sells personal property, which is afterward attached by his creditors on the ground that he had fraudulently disposed of his property, and he moves to discharge the attachment for the reason that the affidavit for attachment is not true, and the purchaser appears and takes part in the trial of the motion, and it is therein adjudged that the sale was in fraud of his creditors, such appearance and judgment do not preclude the purchaser from subsequently bringing an action for the recovery of the property attached.

2. PRACTICE — *Attachment* — *Interpleader.* Where one buys personal property of another, who afterward is a defendant in an action in which the property sold is attached, his appearance at and participation in the hearing of a motion made by such defendant to discharge the property from attachment does not compel him to interplead in such action under the provisions of ¿ 45a, ch. 80, Comp. Laws of 1885.

### *Error from Saline District Court.*

REPLEVIN, by *Thomas* against *Baker*, as sheriff of Trego county. Judgment for defendant for $1,637.33, at the February term, 1887. The plaintiff brings the case to this court. The material facts are stated in the opinioh.

*A. D. Gilkeson*, and *Chas. A. Hiller*, for plaintiff in error.
*M. D. Hollister*, and *Garver & Bond*, for defendant in error.

Opinion by HOLT, C.: This is an action in replevin, brought by plaintiff in error against defendant in error for the wrongful detention of lumber in a lumber-yard. The defendant is sheriff of Trego county, and as such held the property by virtue of an order of attachment in an action wherein the Lansing Lumber Co. was plaintiff and Eli Sheldon was defendant. The plaintiff claims that he purchased the lumber of Sheldon. In the action of the Lansing Lumber Co. against Sheldon, the defendant, Sheldon, made a motion to discharge the property attached. Upon the hearing of that motion, the plaintiff in this action, Thomas, appeared in person and by attorney, and aided and assisted in the management and conduct of the trial of said motion to discharge said attachment. The judge found that said transfer of the lumber from said Sheldon to Thomas was made with the intent to hinder, delay and defraud the creditors of said Sheldon, and was fraudulent and void. These facts were set up in the second count of the answer of Baker to the petition of Thomas. A demurrer to said count was overruled, and judgment rendered thereon against plaintiff.

The defendant claims that the plaintiff, Thomas, by his appearance at the hearing of the motion to discharge the property

from attachment, is precluded from again litigating the question of the validity of the sale from Sheldon to him, and that the judgment on the motion was final, being unreversed and unappealed from; and although the controversy on the motion was not nominally between the same parties, yet Thomas, as the vendee of Sheldon, obtaining all the interest he had in the property by virtue of said sale, cannot now claim it to be valid, after it has been adjudged void upon the hearing of a motion at which he appeared. The defendant also contends that after appearing at the hearing of the motion, he should have come into the case either by motion or interplea, and have directly joined issue with the lumber company as to his ownership. He insists that the subject-matter in dispute is *res judicata,* and cites *Green v. McMurtry,* 20 Kas. 193, and *Hoge v. Norton,* 22 id. 377.

The authorities cited are not applicable. The decision of Sheldon's motion to discharge the attachment had reference only to the transactions of Sheldon so far as they concerned this property. The judge hearing this motion found that the sale was made by Sheldon for the purpose of hindering, delaying and defrauding his creditors, and therefore was fraudulent and void. That judgment may have been entirely proper and correct; we must treat it so, at least. In this action the issue to be tried is not only whether Sheldon intended to defraud his creditors, but whether Thomas knew of such intention. If he did not, nor knew of any facts that would have led to such knowledge, then he was an innocent purchaser, and entitled to the property in controversy as against the Lansing Lumber Company, or this defendant. It is readily seen that not only the parties are different in this action from those in the motion, but that the question on the motion is not the one to be decided in this action. If Thomas appeared and participated in the hearing of the motion, it could have been only for the purpose raised under the issues presented by it, namely, of investigating whether Sheldon intended to hinder, delay and defraud the Lansing Lumber Company in the collection of its claims against him, and he would

not be bound in that judgment upon a question that could not, under the motion, have been investigated.

The defendant contends that because of his appearance he was bound to become a party to the action by interplea or otherwise, and failing to do what was his plain duty, he should now be treated in this action as doing then what he ought to have done. Section 45*a*, chapter 80, Compiled Laws of 1885, gives a party who may claim property attached the privilege of interpleading in an action between the attachment creditor and debtor, but it does not compel him to do so; and his failure to avail himself of the provisions of that section will not preclude him from asserting his claim to the property attached in another action. The Lansing Lumber Company took no steps to make Thomas a party to this action against Sheldon. The appearance of Thomas himself at the hearing of the motion would not of itself compel him to litigate a matter which was not embraced therein, nor to place himself in a position to have a matter determined upon a motion which he might very naturally have wished tried before a court and jury. (*Watson v. Jackson*, 24 Kas. 442.)

We are of the opinion that there has been no adjudication of the rights of Thomas to this property, nor has he placed himself in such relation or situation that he could not assert them at any time. We believe the court erred in overruling the demurrer, and recommend that the action be reversed, and the court instructed to sustain the demurrer to the second count of defendant's answer.

By the Court: It is so ordered.

All the Justices concurring.