## C. W. GOODIN AND R. T. DARBY v. T. L. NEWCOMB, as Assignee.

### No. 216.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — *schedule filed before attachment levied on assigned property, valid.* Where a schedule of liabilities of an insolvent debtor was filed two days after the deed of assignment for the benefit of all his creditors was filed, and the trial court found that the assignment was made in good faith, *held*, that such assignment is valid as against an attachment levied after the filing of the schedule, where the ground of the attachment is that such assignment had been attempted.

2. ———— *assignee in, summoned as garnishee, not bound by order sustaining attachment in same case.* Where in such case the attaching creditor caused the assignee to be summoned as garnishee, and where the assignor filed a motion to discharge the attachment, and the justice of the peace, after final judgment in favor of the creditor and against the assignor was rendered, overruled such motion and sustained the attachment, and no appeal was taken from such rulings, and where the assignee was present at such hearing and testified as a witness in the hearing upon the motion but was not required to answer and did not answer as garnishee, *held*, that said proceedings and rulings did not become *res adjudicata* as to the assignee.

3. ———— *assignee in, not estopped by serving notice to try rights of property.* Where in such case the assignee had, prior to such hearing, served on the constable who made the attachment levy and the attaching creditor a written notice that he claimed the attached property by virtue of the assignment and that a trial of the right of property would be had at a day named in such notice, but such notice was not filed with the justice and no trial thereunder was had, *held*, that the assignee was not estopped by reason of the giving of said notice to institute an action against the parties so notified, to recover the value of the property which was taken and sold under such attachment proceedings.

Error from Franklin District Court. Hon. A. W. Benson, Judge. Opinion filed July 31, 1897. *Affirmed*.

432          GOODIN v. NEWCOMB.

S. Dept.                Opinion.   Milton, J.              6 Kan. App.

*John W. Deford* and *W. A. Deford*, for plaintiffs in error.

*F. A. Waddle*, for defendant in error.

. MILTON, J.   This action was brought by defendant in error to recover damages for goods taken by plaintiffs in error under attachment proceedings against one A. E. Geyer.   Judgment was rendered in favor of the assignee and against the plaintiffs in error for $357.40, and they bring these proceedings to reverse said judgment.

On the afternoon of May 7, 1892, A. E. Geyer executed and filed in the office of the register of deeds of Franklin County a general assignment to T. L. Newcomb, as assignee, for the benefit of all his creditors, conveying all his property and effects liable to the payment of his debts, consisting of a retail stock of furniture, the business house in which it was kept in Pomona, and another tract of land.   He was in failing circumstances and was being pushed by his creditors for payment or security, and particularly by C. W. Goodin, who on the day the deed of assignment was made demanded that Geyer give him a chattel mortgage to secure a debt of $221 due him.

The schedule of liabilities was filed on the afternoon of Monday, May 9, 1892, at twenty minutes after seven o'clock.   Within an hour from that time garnishee summons was served on Newcomb, 2. Assignee not bound by garnishment summons. who was not yet in possession of the property, and the stock of goods was attached by Darby, a constable, in an action brought by Goodin before a justice of the peace.   Before the trial, Geyer filed a motion to discharge the attachment. The grounds of the attachment were that Geyer had

GOODIN v. NEWCOMB.　　　.433

July 31, 1897.　　　Opinion.　Milton. J.　　　E. Div.

assigned, removed or disposed of, and was about to dispose of, his property with the intent to defraud, hinder and delay his creditors. Geyer made no defense to Goodin's claim for a judgment. The motion to discharge the attachment was heard after the judgment was rendered, and Newcomb was present and was examined as a witness on the hearing. He was not asked or required to answer as garnishee in the action, and no entry was made on the docket concerning the garnishee, except as to the summons, and no order was asked for or taken against him. Newcomb had no connection with the trial or the hearing of the motion. The motion to discharge was overruled and the attachment sustained. Afterwards the attached property was sold under an order of the justice of the peace for $220. It was actually worth $350. On the day of sale and just prior to it, Newcomb served a written notice on both Goodin and Darby that he claimed to own and hold the property as assignee. Goodin received the proceeds of the sale and kept them, except the costs, which he paid to the justice.

No appeal was taken from the orders of the justice in the attachment proceedings. Newcomb had taken actual possession of all the assigned property not attached, directly after the attachment was levied. He was appointed permanent assignee by the judge of the court, the creditors having failed to choose an assignee.

Prior to the hearing of the motion to discharge the attachment, Newcomb had served notice on the constable who made the levy and on the attachment creditor, that he claimed the attached property by virtue of the assignment and that a trial of the right of property would be had at a day named in such no-

tice, but the notice was not filed with the justice and no trial or further proceedings were had thereunder. The court found that the assignor was insolvent when he made the assignment and that the same was made in good faith, and concluded from the foregoing facts as a matter of law that the assignment took effect at the time of the filing of the schedule of liabilities in the clerk's office; that the attachment levied after that time was wrongful; and that the service of the garnishee summons on the provisional assignee, his examination as a witness on the motion to discharge an attachment, and the giving of the notice as to trial of the right of property, did not estop him from maintaining the action against Newcomb and Darby for the value of the property taken and sold under the attachment proceedings.

Counsel for plaintiffs in error make the following contention:

"The proceedings before Justice Comings, on May 22, 1892, wherein, after a full hearing of the merits of the motion of Geyer to dissolve the attachment, he sustained it, made the matter *res adjudicata* and were and are a bar to this action. Newcomb was a party to that suit by garnishee summons under paragraphs 4901, 4902, General Statutes of 1889. He was *in privity of estate* with Geyer, and was estopped by that order."

In this we think counsel are mistaken. The contention has the merit of novelty alone. They seek an unwarranted expansion of the doctrine of *res adjudicata*. See *Thomas v. Baker*, 41 Kan. 350; *Stapleton v. Orr*, 43 id. 170; *Mo. Pac. Rly. Co. v. Reid & Holliday*, 34 id. 410.

It is also contended that Newcomb is estopped in this action by reason of the fact that he gave notice to Goodin of a trial of a right of property. We remark

**3. Assignee not bound by notice of a trial of rights of property.** that since there was no trial there could be no estoppel, and that our Supreme Court has held that such a trial is not conclusive on the rights of the party in a subsequent action. *Graves v. Butcher*, 24 Kan. 291; *Dilley v. Mc-Gregor*, 24 id. 361.

The really important question in the case is as to the validity of the assignment, the schedule having been filed two days after the deed of assignment **1. Assignment held valid.** was executed and filed. No cases in point are cited. Prior to 1876, an assignor was not required to •file a schedule of liabilities. By section 1 of chapter 101, Laws of 1876 (¶ 383, Gen. Stat. 1889), it is provided: "In every case of assignment under the provisions of the act to which this act is supplemental, there shall be filed in the office of the clerk of the district court of the county in which such assignment is recorded, on the day of executing such assignment, a schedule of the liabilities of such assignor," etc., the same to be verified by the assignor. The second section of this chapter (¶ 384, Gen. Stat. 1889) makes it the duty of the clerk of the district court, within two days next following the filing of such schedule, to mail to each creditor ·a notice of such assignment, and requires him to name therein a day not less than twenty nor more than thirty days *from the day of such assignment* on which a meeting of the creditors of such assignor will be held at the office of said clerk to choose an assignee for such trust.

The latter section uses the words "from the day of such an assignment" as designating the date from which the clerk is to determine the time for the meeting of the creditors under the limitation fixed by the statute. It is evident that the day of the assignment

here meant is that on which the schedule is filed, and that if a deed of assignment is filed for record before the schedule is filed, such deed would be wholly imperative and would remain so until the schedule is filed. Is not such the condition in this case, and did not the subsequent filing of the schedule make the deed effectual and operative?

Our Supreme Court has held that a deed of assignment drawn up, signed and acknowledged on a given date, but not delivered until a later date, took effect from the time of delivery. *Walker v. Newland*, 22 Kan. 106. Obviously such a deed has no force until it is not only delivered but filed for record, and then it cannot operate as a conveyance of the assignor's property as against his creditors until the law is fully complied with. The filing of the schedule of liabilities is not only essential to the validity of the assignment, but it is also the initial point in the administration of the assigned estate. All the creditors are to be notified by the clerk of the court, and they have the power to choose a permanent assignee. Such notification cannot take place until after the schedule is filed. It would seem that their rights cannot be affected injuriously by reason of the fact that an inoperative deed of assignment is of record. It may well be, if some fraudulent purpose in withholding the schedule is disclosed by the evidence, and it appears that an attachment was actually levied before the schedule was filed, that such an attachment would be sustained. We are not deciding that it would not be held good under such conditions. But in this case the court found that the assignment was made in good faith, and we must therefore conclude that the schedule was not withheld for any wrongful purpose. It follows, then, that the attachment ought not to have been sus-

GOODIN v. NEWCOMB. 437

July 31, 1897.        Opinion.   Milton, J.              E. Div.

tained, and that, since it was levied after the schedule was filed, the assignment must be held good as against the attachment proceedings. An assignment made by an insolvent debtor, in good faith, for the benefit of all his creditors, ought to be sustained. Our Supreme Court has said that fraud is not to be presumed from the provisions of an assignment where it will admit of an interpretation favorable to honesty and good faith. *Long Bros. v. West & Co.*, 31 Kan. 298. But here we have a positive finding of good faith. The assignment ought not to be overthrown in favor of an attaching creditor under such circumstances. Both the deed of assignment and the schedule having been filed prior to the levy of the attachment, we hold that the assignment was made effectual before the levy, and that the latter was invalid. Possession by the assignee was not essential to the validity of the assignment. *Lowe v. Matson*, 140 Ill. 108, 29 N. E. Rep. 1036.

It follows that the assignee was entitled to recover from the defendants below the value of the goods taken under the attachment proceedings. The judgment of the District Court will be affirmed.