COMMERCIAL STATE BANK, Appellee, v. E. D. PIERCE et al., Appellants.

**GARNISHMENT:** Judgment Against Garnishee—Effect on Stranger
1 to Proceeding. A judgment against a garnishee will not be set aside at the sole instance of an *entire stranger* to the garnishment proceeding, even though such stranger owned and continues to own the money which was in the hands of the garnishee at all times during the garnishment proceedings, and which garnishee negligently and mistakenly assumed, in his answer, to belong to the judgment defendant. The negligent garnishee may have occasion to feel much anxious concern over such a condition—a stranger to the proceeding, none whatever. He may wholly ignore such proceeding.

**EXECUTORS AND ADMINISTRATORS:** Personal Property—Re-
2 covery Notwithstanding Garnishment. It is no defense to an action by an administrator to recover personal property belonging to the estate, that the one holding possession was, subsequently to the death of the intestate and prior to the appointment of the administrator, garnished as a debtor of one of the heirs, and, without making the true condition known to the court, answered, and without objection allowed judgment to be rendered against himself as garnishee.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

THURSDAY, JUNE 29, 1916.

INTERVENERS file petition asking that a certain judgment entered against the garnishee in the original cause be set aside. Opinion states the facts. Cause tried in equity. Decree dismissing petition of intervention. Interveners appeal.— *Affirmed.*

*Elwood & Tourgee,* for appellants.

*Hume & Bradshaw,* for appellee.

GAYNOR, J.—On the 23d day of June, 1908, judgment was entered in the district court in and for Polk County, in favor of the plaintiff and against the defendant, E. D. Pierce,

1. GARNISHMENT:
judgment
against gar-
nishee: effect
on stranger to
proceeding.

for the sum of $3,400. On the 17th day of January, 1911, a general execution was issued upon this judgment, and on the 18th day of January, one E. N. Bailey and the Sac County State Bank were duly garnished as the supposed debtors of the judgment defendant. On the 28th day of March, 1911, the said garnishees answered in writing as follows, which answer was duly filed in the cause:

"Comes now E. N. Bailey in his own behalf and in behalf of Sac County State Bank of Sac City, Iowa, and in answer to the garnishment proceedings, in which both he and the Sac County State Bank have been garnished, states:—

"That he is vice-president of said Sac County State Bank and has full authority to answer therefor; that said bank is a corporation, and as such has in its hands and under its control the following property belonging to the *heirs* of H. A. Pierce, who was during his lifetime the father of E. D. Pierce, defendant herein, to wit: Cash, $1,208; a real estate mortgage for $3,000 given by Harter Marquess, also the note for same amount secured thereby; also a note for $4,000 secured by a real estate mortgage given by Caroline Wegener for

same amount; that said H. A. Pierce is now dead; that he left surviving him as his *heirs two sons*, *E. D. Pierce* being one of them, three daughters, and the children of one deceased daughter (two granddaughters) ; that Grace Pierce was the wife of E. D. Pierce; that during the lifetime of said H. A. Pierce he conveyed to Grace Pierce the North half of Section 25 in Township 89 north of Range 36 west of the 5th P. M., Sac County, Iowa, in the year 1903; 'the consideration for said land was as I remember it $8,800, for which amount, nearly all of it, she gave her notes to said H. A. Pierce.' The notes and mortgages mentioned above given by Harter Marquess and Caroline Wegener are worth the amount for which they were given as mentioned above.''

On April 13, 1911, the plaintiff in said cause filed in said cause the following motion:

''Comes now the plaintiff in the foregoing cause and moves the court that judgment be entered against the garnishee E. N. Bailey and the Sac County State Bank of Sac City, and in favor of the plaintiff in the foregoing cause, and as reasons therefor, states unto the court:

''That heretofore, to wit, on the 23d day of June, 1908, this plaintiff did obtain a judgment by confession against defendant E. D. Pierce in the district court of Polk County, Iowa, in the sum of $3,400, being cause No. 17347 Law, with interest thereon from said date at six per cent, which judgment is unpaid. That heretofore, to wit on the ...... day of January, 1911, execution did issue on said judgment, and E. N. Bailey and the Sac County State Bank of Sac City, Iowa, were garnished as supposed debtors of E. D. Pierce. That on or about the 28th day of March, 1911, E. N. Bailey for himself and on behalf of the Sac County State Bank, did make answers to said execution, which answer was in writing and is now on file in the office of the clerk of the district court of Polk County, Iowa; that said answers disclose that said E. N. Bailey and the Sac County State Bank did on said date, have in their possession in cash $1,208, and a real estate mort-

gage for $3,000 and one of $4,000, and said garnishee stated that said mortgages were valid and worth the amount for which they were given.   Copy of the answer of the garnishee is hereto attached, marked Exhibit 'A' and made a part of this motion for judgment.   That it is further disclosed in said answers that the notes and mortgages and cash held by said garnishee are derived from the estate of H. A. Pierce, father of E. D. Pierce.   That H. A. Pierce left surviving him, as his heirs, two sons, E. D. Pierce, defendant herein, being one, three daughters, and the children of a deceased daughter. That it is disclosed no will was made or other disposition of said property, and at the time of the answering of said garnishee, said property belonged to the estate of H. A. Pierce to be distributed to his heirs.   That the said E. D. Pierce, defendant herein, is entitled to one-sixth of the property of H. A. Pierce, deceased, which amount, as disclosed by the answer of the garnishee, would be at least $1,368.

''Wherefore this plaintiff moves the court that judgment be rendered against the garnishee E. N. Bailey and the Sac County State Bank for the interest in the property now held by said garnishee belonging to H. A. Pierce, deceased, and that the amount be ascertained of the interest of E. D. Pierce therein, and judgment rendered upon said answers accordingly, and for such other and further relief as may be just and right, and that plaintiff have judgment for costs.''

On the 17th day of April, 1911, a notice was duly served on the garnishees, E. N. Bailey and the Sac County State Bank of Sac City, in which they were duly notified of the filing of said motion, and that the same would come for hearing before the court on the 29th day of April, 1911, and further notified that, unless they appeared and defended against said motion, judgment would be entered against them as garnishees, upon their answers, in favor of the plaintiff. On the same day, notice was also served upon the defendant Pierce of the filing of the answer of the garnishee, and of the filing of the motion of the plaintiff for judgment upon the

answers, giving him full information touching the motion and the proposed action of the plaintiff on the answers of the garnishees. On the 4th day of May, 1911, the garnishees and the original judgment defendant having failed to appear or make any defense, judgment was entered against the garnishees, upon their answers, in the sum of $1,426.30. This judgment was never appealed from, modified or set aside. It stands, so far as this record shows, as a verity.

It is claimed by the plaintiff that, on November 25, 1911, the garnishee paid the judgment so entered against it, to the attorney or representative of the plaintiff, one Charles Goldsmith. This is the only controverted question of fact in the case. It appears that, prior to the entry of judgment against these garnishees, the Sac County State Bank, of which Bailey was vice-president, had collected the amount due on the notes referred to in their answer, and had on deposit, on and prior to July 11, 1911, the sum of $8,416 in cash, belonging to the estate of H. A. Pierce. It appears that at the time garnishees answered, at the time the motion was served upon them for judgment upon their answers, at the time the notes referred to in their answers were converted into money, and at the time judgment was entered against them upon their answers, no administrator had been appointed of the estate of H. A. Pierce in Sac County.

However, on the 11th day of July, 1911, Howard M. Rogers, one of the interveners, was duly appointed administrator of the estate, and made an inventory of the estate in which he reported this fund of $8,416 as being in his possession as administrator of the estate of H. A. Pierce; that, at that time, he had no knowledge of these garnishment proceedings, and supposed that the money was still in the hands of the bank, subject to his order as administrator of the estate, and that he could get it at any time upon demand. Some time afterward, he did make demand upon the bank for the money, and was then, for the first time, notified of the garnishment proceedings, and of the judgment entered against

the garnishees, and that this judgment was paid by the garnishees.   Whether it was in fact paid by the garnishees is in dispute.

This was the status of the parties and of the subject-matter of the controversy at the time these interveners filed their petition of intervention in the original cause out of which the garnishment proceedings arose.   The interveners are the heirs of H. A. Pierce, and the administrator of his estate. The petition of intervention was filed on the 28th day of February, 1913.   No notice of the filing of the petition of intervention was served upon the garnishees, nor upon the original defendant, E. D. Pierce; nor did the garnishees nor the original defendant appear or plead to the petition of intervention.   The only appearance made to the petition of interveners was on behalf of the plaintiff in the original suit, the Commercial State Bank of Salem.   Neither the original defendant nor the garnishees, against whom the judgment was entered, asked any relief in this proceeding against the judgment; nor did they make any claim in this proceeding that the judgment entered in favor of the plaintiff against garnishees ought not to have been entered as it was; nor do they ask to have it modified or set aside.   The only request for any relief against the judgment is made by the interveners in their petition, wherein they pray that the judgment entered against the garnishees be set aside; that the rights of these interveners in the property in the hands of the garnishee be determined, and that such order be entered as fully protects the interveners' rights in the property.   As a basis for this relief, the interveners say that the property in the hands of the garnishee at the time the garnishment was served, belonged to these interveners as the representatives of the estate of H. A. Pierce, and was not, therefore, subject to a garnishment against E. D. Pierce.   They further allege that the judgment was improperly entered against the garnishees, for the reason that the garnishees were not indebted to E. D. Pierce at the time, nor did they have any property belonging to E. D.

Pierce, the original defendant, in their possession at the time the garnishment was served, and that the garnishees have still in their possession the property which was the subject of the controversy.

The plaintiff alone responded to this petition of intervention by answer, and alleged the facts hereinbefore set out, to wit, the rendition of the judgment in its favor against the defendant, E. D. Pierce; the issuing of the execution, and garnishment thereunder; the filing of the answers of the garnishees; the motion for judgment upon the answers; the notice to the garnishees and to the original defendant to show cause why judgment should not be entered; the entry of judgment against the garnishees, and the payment of the judgment by the garnishees after the rendition of the judgment; and alleged that this all transpired and was completed before the filing of the petition of intervention by these interveners, and asked that the interveners' petition be dismissed.

The cause was tried to the court as an equity action, by consent of all parties. Upon a full submission, the court dismissed the petition of intervention, and from this, interveners appeal. The cause is triable *de novo* here. It is apparent from this record that the garnishees, who were not made parties to this intervention, still have in their possession all the property, or proceeds of all the property, belonging to H. A. Pierce, deceased, which they had at the time of his death. No question is made that these notes or money in the hands of the garnishee belonged to H. A. Pierce at the time of his death, and that, upon his death, the right to it passed to his legal representatives; that, upon the appointment of an administrator of the estate of H. A. Pierce, the title and right to possession of this property passed to the administrator, and that the administrator could have maintained an action against these garnishees for the property or its proceeds; that that right still remains in the administrator, unless a right to some portion of the property is defeated by the proceedings hereinbefore set out. It is fundamental that the title to the

personal property of the deceased does not vest in his heirs immediately upon the death; that it does vest in the administrator immediately upon the appointment of the administrator, and the title and right to it goes back to the time of the death. We may assume, for the purposes of this case, that the intervener's contention is right, in so far as it claims that the original defendant, E. D. Pierce, had no right, title, or interest in this fund which could be the subject of a garnishment under an execution issued against him personally, or against his property. We may assume, for the purposes of this case, that the plaintiff was not entitled to have judgment against the garnishees solely upon the answers made by the garnishees. This, however, is a matter that these interveners cannot complain of. It is a defense which might have been interposed and taken advantage of by the garnishees. They were duly notified that the plaintiff claimed judgment upon their answers. They failed to make any appearance. Judgment was entered against them. They took no exception to the judgment; nor are they now complaining of the judgment. The judgment stands as a verity against them. They are not in a position to complain of this judgment, even though it should affirmatively appear now that the original defendant, E. D. Pierce, had no interest in the fund; nor even though it should appear that these garnishees had neither property nor money in their possession or under their control which could be reached by the garnishment proceedings against E. D. Pierce. They have suffered judgment to go against them upon the theory that they had money or property in their possession belonging to E. D. Pierce which was the subject of garnishment, and are now estopped by the judgment to deny this fact.

It is true, as a general proposition, that a garnishee is supposed to stand indifferently between the garnishing plaintiff and the judgment defendant, and the general rule is that he should not be placed in any worse position by reason of the garnishment than he would be in if the judgment defend-

ant himself were asserting a claim against him. But it is also true that even a garnishee may put himself in a false position and be held liable, where, by his own negligence and carelessness, he has failed to avail himself of the right of protection which the law, under the peculiar facts of the case, extends to him. See *Houston v. Wolcott*, 7 Iowa 173. As said in *Burlington & Missouri River R. Co. v. Hall*, 37 Iowa 620:

"It is a familiar principle of equity that, to entitle a party to relief against a judgment at law, it must appear that it is against conscience to execute the judgment, and that the party applying for relief has been guilty of no fault or negligence. . . . It is a further principle of law, well settled, that the proceedings of a court, having jurisdiction over the cause and the parties, cannot be questioned collaterally, and are absolutely binding, until set aside by the tribunal in which they occurred, or regularly reversed on error. . . . Judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered. . . . It is true a garnishee is not to be placed in a condition of liability to pay a debt twice, yet he may place himself in such a condition by his neglect. The law will not justify carelessness or neglect in a garnishee any more than in any other suitor."

It is further said:

"If the court entering a judgment has jurisdiction to render it, the enforcement of it will not afterwards be restrained merely because it is an improper or unjust judgment. The remedy of the aggrieved party is by appeal, or writ of error, or some other direct proceeding. If he neglects to urge the error in the judgment in some such mode, he is deemed to have waived the same, and the judgment becomes conclusive."

See also *Seymour v. Aultman & Co.*, 109 Iowa 297. This case holds that, unless a garnishee defendant who has notice

that another claims an assignment of defendant's claim against him, pleads the assignment, he cannot afterwards resist the subsequent claim of the assignee by showing the judgment in the garnishment proceedings; that, if he had notice that the claim had been assigned by the judgment defendant before garnishment, and failed to set it up as a defense in the garnishment proceedings, he is bound to pay the judgment, although he is liable over again to the assignee of the claim; and this, on the theory that he was negligent in not setting up the assignment in his own defense.

Therefore, in the instant case, if it be found as a fact that, at the time the garnishment notice was served upon these garnishees, the property in their possession did not belong to the judgment defendant, E. D. Pierce, and yet, after due notice and opportunity to be heard, they failed to set up this fact, and allowed judgment to go against them on the assumption that the property did in fact belong to E. D. Pierce, and that they were holden to E. D. Pierce therefor, and they acquiesced in the judgment so entered against them, neither having appealed from the judgment nor asked to have it set aside, no fraud being practiced upon them, no new fact discovered which was not known to them at the time, would the garnishing defendants be in any position to resist the payment of the judgment? Clearly, under all authorities, this question must be answered in the negative. Then what right have these interveners, whose rights are in no way affected by the judgment so negligently permitted to be entered against these garnishees, to have this judgment set aside and held for naught? These interveners were not parties to these garnishment proceedings, nor are their rights in the fund in the hands of the garnishee in the least affected by these garnishment proceedings.

As to the original defendant, E. D. Pierce, we must assume that whatever interest he had in the estate that was a subject of garnishment at the time, passed, upon the rendition of the judgment against the garnishees, to the gar-

nishees by operation of law; but only his right. His right in the estate alone was involved. It was his right in the estate which was the subject of controversy between the plaintiff, the original defendant and the garnishee. If he had none in fact, nothing was reached by the garnishment. The garnishment reached, if anything, his interest only. These garnishees suffered, however, a judgment to be entered against them upon the assumption that they held property belonging to the original defendant. This judgment stands unquestioned by them, and unquestioned by the parties to the proceedings that resulted in the judgment.

The garnishment proceedings created no lien upon any property belonging to the original defendant, if any, in the hands of the garnishee. By the garnishment proceedings, a personal claim was acquired against the garnishees, to the extent of any money or property that might be in their hands at the time the garnishment was served, belonging to the judgment defendant. It was for the court to determine whether or not there was any property or money in the hands of the garnishees belonging to the original defendant, for which the garnishees should be held personally responsible or liable to the judgment plaintiff. The court found affirmatively that there was, and, upon such finding, entered judgment against the garnishees under the authority of Section 3946 of the Code of 1897. This judgment is binding and conclusive between the judgment plaintiff, the judgment defendant, and the garnishees, and is binding only as to them.

These interveners are, therefore, not interested in this controversy between the plaintiff, the original defendant and the garnishees. They were not parties to that suit and are not bound by the judgment. Whatever property there is in the hands of the garnishee belonging to the estate of H. A. Pierce may be reached by the administrator of that estate in proper proceedings, unaffected by the garnishment proceedings instituted by the plaintiff.

2. EXECUTORS AND ADMINISTRATORS: personal property: recovery notwithstanding garnishment.

We reach the conclusion that, without any showing as to whether the judgment entered against the garnishees has or has not been paid, these interveners have no standing in this court upon their petition of intervention. It is claimed, however, that the judgment entered against the garnishee has been paid by it, and was paid by it before this intervention was interposed. It is not necessary for us to make a finding on that fact. There is a controversy as to this. We, however, are inclined to hold with the district court on this branch, to wit, that this judgment was in fact paid by the garnishees before this intervention took place, although not released upon the records.

Many other questions are discussed, but we do not deem them relevant to the matter here submitted, and we do not attempt any disposition of them. Upon the whole record, we see no ground for disturbing the finding of the district court, and it is, therefore—*Affirmed.*

EVANS, C. J., LADD and SALINGER, JJ., concur.