**GECK, Ex'r, et al. v. SECURITY STATE BANK et al.**

No. 18153. Opinion Filed Oct. 9, 1928.

McGuire, Marshall & Bodovitz, for plaintiffs in error.

West & Petry, for defendant in error Security State Bank.

JEFFREY, C. This is an appeal ·from a judgment on the pleadings in two certain actions pending in the district court of Tulsa county, which were consolidated at the time of judgment. The first action, being No. 16808, was begun November 2, 1921, by the Security State Bank of Tulsa, which will hereinafter be referred to as the bank, as plaintiff, against R. C. Geck Lumber Company, Nellie R. Geck, and a number of directors of that corporation. The amended petition in that cause alleged that the bank had become the owner and holder of 600 shares of the capital stock of the lumber company, it having purchased said shares upon a pledge foreclosure sale; that the Geck Lumber Company, on March 15, 1921, purchased 350 shares of its own capital stock from Nellie R. Geck and H. C. Miller, and gave in exchange therefor lots 5 and 6, block 114 of the city of Tulsa, of the value of $35,000, which property was conveyed to Nellie R. Geck by warranty deed, and that the transfer of said real estate to Nellie R. Geck amounted to a fraud and an irreparable injury to plaintiff's rights in that all stockholders did not consent to the transfer, and the value of the assets of the corporation was not sufficient upon dissolution to pay its debts and the par value of its outstanding capital stock. The amended petition then closed with a prayer that the resolution of the directors authorizing the transfer of the real estate and the deed be canceled. Thereafter defendants, including Nellie R. Geck, demurred to the amended petition upon several grounds.

Thereafter, and on February 12, 1922, the bank · commenced another action against R. C. Geck, an individual who was president of the R. C. Geck Lumber Company, upon three promissory notes in the total amount of $63,-902.15. In the latter action a writ of attachment was caused to be issued and levied upon lots 5 and 6 above described. On February 15, 1922, garnishment summons was caused to be issued out of the same action to the R. C. Geck Lumber Company. The garnishee answered February 12, 1922, in which it was stated, in substance, that said lumber company had in its hands no

property, goods or effects belonging to the defendant R. C. Geck. On March 1, 1922, the bank served notice of its intentions to take issues on the answer in garnishment. On April 20, 1922, Nellie R. Geck filed an interplea, in which she recited the levy of the attachment upon said real estate, and alleged that said levy was irregular and void; that on or about March 11, 1921, the R. C. Geck Lumber Company conveyed said real estate to her by warranty deed, and that she paid therefor a valuable consideration, to wit, the sum of $35,000. The interplea then concluded with a prayer that the attachment be discharged and held for naught.

The Geck Lumber Company was adjudged a bankrupt, and the trustee in bankruptcy defended for that company. Judgment in the main action was rendered in favor of the bank and against R. C. Geck for the amount of the notes June 14, 1922. The issue on the garnishment answer and affidavit was then tried to a jury, and a verdict and judgment rendered on that issue in favor of the bank and against the garnishee. By this judgment the court found that upon the organization and incorporation of the R. C. Geck Lumber Company, R. C. Geck, who was doing business prior to incorporation in the name of R. C. Geck Lumber Company, had conveyed all of his stock of merchandise to said corporation without having complied with the Bulk Sales Law, and that such conveyance was void as to creditors, and rendered judgment against the garnishee for the value thereof.

On the 10th day of April, 1923, the bank filed in cause No. 16808 a motion for leave to file a supplemental petition. In said motion a request was also made for the consolidation of the two cases. The supplemental petition was filed on the same day, and Nellie R. Geck filed a motion to strike the same for the reason that it was foreign to the allegations set forth in the original and amended petition. On May 20, 1926, the bank filed in cause No. 17926, a motion to sustain the attachment and dismiss the interplea of Nellie R. Geck on the ground that the judgment on the garnishment issue between the bank and the lumber company constituted a final and full determination of all issues as between the bank and Nellie R. Geck, the intervener. Upon this motion the court, on August 11, 1926, consolidated the two cases, rendered judgment against the executor of the estate of Nellie R. Geck in both cases, she having died in the meantime, and the action having been revived in

his name, canceled the deed to Nellie R. Geck, and decreed the sale of lots 5 and 6, in block 114, as the property of R. C. Geck, and subject to the payment of his debts. Thereafter Ramona C. Kennedy filed a motion to vacate the judgment in so far as it attempted to adjudicate the title to the real estate, and alleged in said motion that the estate of Nellie R. Geck had been closed, the administration discharged, and that she, as the sole beneficiary under the will, was the owner of said lots, but had not been a party to the proceedings wherein the judgment was rendered. Both R. C. Geck, as administrator, and Ramona C. Kennedy have appealed.

After said appeal was lodged in this court the bank filed in connection with its answer brief an instrument termed "Motion to Advance or Dismiss or Affirm." From an examination of said motion, we ascertain that it goes to questions which must be considered in dealing with the appeal on its merits. And in view of the conclusions reached on the merits of the appeal, the motion should be and hereby is in all things overruled.

As heretofore pointed out, the judgment rendered on August 11, 1926, consolidating the two causes and canceling Nellie R. Geck's deed to the real estate in question, was rendered without the issue between Nellie Geck and the bank having been set for trial and without any evidence on the question of title as between the bank and Nellie R. Geck. The demurrer to the amended petition in cause No. 16808, and the motions to strike the supplemental petition in said cause and the interplea of Nellie R. Geck in cause No. 17296 remained pending and undisposed of.

The judgment here complained of recites that the interplea of Nellie R. Geck was undisposed of, but that the adjudication of the garnishment issue between the bank and the garnishee, R. C. Geck Lumber Company, in effect adjudicated the rights of Nellie R. Geck as represented by her interplea. It is on this theory, and the further theory that the interplea of Nellie R. Geck did not entitle her to any relief, that counsel undertakes to support the judgment in this court. We cannot concur in either theory.

Did the trial of the garnishment issue between the bank and the lumber company adjudicate the rights of Nellie R. Geck as represented by her interplea in attachment? Certainly, a litigant's rights are more secure under modern rules of practice. It should be borne in mind that the first action was brought against Nel-

lie R. Geck and others for the purpose of canceling the deed by which she took title to the property. In the second action she was neither a party plaintiff nor defendant. An attachment writ was levied upon the lots, and she interpleaded setting up her title to the property and asking that the attachment be set aside as provided by section 229, C. O. S. 1921. In the same action a garnishment summons was caused to be issued to the lumber company, requiring it to answer as to whether it was indebted to or had in its possession or under its control, any property real or personal belonging to R. C. Geck. The lumber company answered, in substance, in the negative, and it was this issue that was tried. Nellie Geck did not intervene in the garnishment proceeding, was not mentioned in any of the pleadings, and was not present at the trial. The issue formed in the latter proceeding was whether the lumber company owed R. C. Geck, or whether it had property belonging to him. Before the trial on this issue, Nellie Geck had already filed a pleading on the attachment side of the case showing that the property belonged to her. By no course of reasoning could it be said that Nellie R. Geck's claim of title was a proper subject of inquiry in the garnishment trial. In this connection, if the judgment be upheld, it must be bottomed upon res adjudicata, but there can be no res adjudicata as to matters not adjudicated. Could it be said that, under this state of facts, Nellie R. Geck should have taken notice of the garnishment proceeding, filed a pleading and contested it? Certainly not. The bank's petition in the first action alleged that the property in question had been conveyed to Nellie R. Geck, and nowhere did the bank claim that the lumber company had possession of the lots. She had already filed the only pleading required of her by law, and the one offered her by statute as an adequate remedy for the protection of her claim. She had a right to expect a trial upon this pleading and the issue formed thereby. She was not required to enter the garnishment proceeding, and a trial of it could in no wise affect her rights, whether the judgment entered therein attempted to pass upon title to the lots or not.

Counsel for the bank contend that the garnishment proceeding and the attachment proceeding were all one, and an appearance in one amounted to an appearance in the other. Section 366, C. O. S. 1921, is relied upon as authority for holding Nellie R. Geck to account for all that transpired in the garnishment proceeding. That section

provides that when the answer of the garnishee discloses that some other person is claiming the fund or property, the court may order such third person interpleaded. It requires that notice of such fact be given such third party, in the same manner as service by summons, and if such person fails to appear and assert his claims, he is concluded by the judgment rendered. It is then said that, if such claimant enter his appearance, the notice is unnecessary. This does not strengthen the bank's position, because it assumes the two proceedings to be one and the same. It does not appear that counsel for the bank view the two proceedings as one and the same in the beginning, or else there was no occasion for the attachment proceeding.

The trial of the garnishment developed the fact that, when R. C. Geck incorporated his lumber business, he transferred his property, including the lots in question, to the corporation for capital stock, and at said time he was heavily in debt, one of his creditors being the bank. Counsel for plaintiff insist that the finding of the court in that proceeding was, in effect, that R. C. Geck had transferred all of his property in fraud of creditors. We do not so view the judgment. The judgment seems to be predicated upon a violation of the Bulk Sales Law, which is not applicable to real estate. However, if counsel's construction of the judgment should be correct. it would not have the effect contended for. Nellie R. Geck was not a party to the garnishment proceeding. She had a pleading pending on the attachment side of the case in which she alleged she had paid a valuable consideration for the lots. Section 6025, C. O. S. 1921, permits a debtor to prefer one or more creditors to the exclusion of others if he acts in good faith. And a conveyance should not be canceled on the ground that it was made in fraud of creditors, if the grantee paid a valuable consideration, and had no notice or knowledge of fraud.

The case of Goodin v. Newcomb, 6 Kan. App. 431, 49 Pac. 821, presents an almost identical situation with the one here under consideration. In discussing the effect of an adjudication of an attachment proceeding or a garnishment proceeding growing out of the same cause, it is said:

"Counsel for plaintiffs in error make the following contention: 'The proceedings before Justice Comings, on May 22, 1892, wherein, after a full hearing of the merits of the motion of Geyer to dissolve the attachment, he sustained it, made the matter

res adjudicata, were and are a bar to this action. Newcomb was a party to that suit by garnishee summons, under paragraphs 4901 and 4902, Gen. St. 1889. He was in privity of estate with Geyer, and was estopped by that order.' In this, we think, counsel are mistaken. The contention has the merit of novelty alone. They seek an unwarranted expansion of the doctrine of res adjudicata. See Thomas v. Baker, 41 Kan. 350, 21 Pac. 252; Stapleton v. Orr, 43 Kan. 170, 23 Pac. 109; Railway Co. v. Reid, 34 Kan. 410, 8 Pac. 846."

Edwards v. Levinshon, 80 Ala. 447, 2 South. 161, also involved a similar question. In discussing the question, the court used the following language:

"He only appeared in obedience to the writ of garnishment, and answered as garnishee, claiming, as such, the notes and the money. His answer was controverted under the statute, and the only issue which could have been made up related to the truth of the answer. The only judgment which could have been rendered on controverting the answer was a judgment against or discharging his as garnishee. He was not in possession of the money, and his right to it is an incident of the ownership of the notes, which was without the issue; for the notes were not the subject of condemnation by garnishment."

That the judgment in the garnishment proceeding settled only the rights between the bank and the garnishee, we are supported by the following authorities: Commercial State Bank v. Pierce, 176 Iowa, 722, 158 N. W. 481; Thomas v. Baker, 41 Kan. 350, 21 Pac. 252; Detroit Fire & Marine Ins. Co. v. Stewart, 123 Ark. 42, 184 S. W. 438; Central Loan & Trust Co. v. Campbell Com. Co., 173 U. S. 84, 43 L. Ed. 623; Sears v. Thompson, 72 Iowa, 61, 33 N. W. 364.

The case of Central Loan & Trust Co. v. Campbell Com. Co., supra, arose in the district court of Noble county, Okla. Ter., and is particularly enlightening on the question under discussion. It was there pointed out that the garnishment proceeding and the attachment proceeding growing out of the same action were distinct and separate proceedings, and the issues made in each were distinct and separate issues.

Does the interplea of Nellie R. Geck show such a state of facts as would justify the court to enter judgment canceling the deed upon the pleadings? The interplea alleged that Nellie R. Geck purchased the real estate in question in good faith; paid a valuable consideration, to wit, the sum of $35,-000; that she purchased the same from the R. C. Geck Lumber Company; that R. C. Geck organized the R. C. Geck Lumber Company, a corporation, and transferred his merchandise together with the lots in question to said corporation in exchange for capital stock, in order that his creditors, including herself, might be paid and satisfied. She further alleged that she knew of no fraud in any of the transactions and that no fraud was involved in any of the transactions whereby she obtained her title. She further pleaded that, when R. C. Geck conveyed the real estate in question to the R. C. Geck Lumber Company, a corporation, in exchange for capital stock in the newly-organized corporation, such transfer was made with the knowledge and consent of the bank, in order that the bank might be secured for the indebtedness owing it by R. C. Geck by the pledging of 600 shares of the capital stock of said corporation; and that said shares of stock were so pledged; and that the bank later became the owner thereof. It is urged that the interplea admits that, on or about May 1, 1920, R. C. Geck caused his business to be incorporated, and then transferred all of his property to the corporation, including the lots in question. The interplea does not recite that he transferred all of his property to the corporation, and if it did so recite, we could not say as a matter of law that such conveyance was void in the absence of a recital that the conveyance was made in bad faith, and for the purpose of defeating his creditors.

The rendering of judgment upon the pleadings upon motion is not favored by the courts. Good v. First National Bank, 88 Okla. 110, 211 Pac. 1051. It is a well-established rule that a motion for judgment on the pleadings is in the nature of a demurrer, and for its purpose admits the truth of all the facts well pleaded by the opposite party, and should be sustained only where no cause of action or defense is stated, and where such pleading, the sufficiency of which is attacked, is not susceptible of amendment. Hill v. Bucy, 95 Okla. 275, 219 Pac. 124; Board of Education v. Broadwell, 117 Okla. 7, 245 Pac. 60; Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. This rule goes still further, holding that, for the purpose of a motion for judgment on the pleadings, the allegations contained in the pleadings of the movant and which have been denied by the opposing party will be considered as withdrawn or untrue. Qualls v. Merchants & Planters National Bank, 88 Okla. 150, 212 Pac. 308. Measured by this rule, certainly the interplea of Nellie R. Geck alleged facts

which entitled her to the relief prayed for, and should not have been stricken down without granting a trial thereon.

We conclude that neither Nellie R. Geck, nor her personal representative, nor the devisee of her estate, have had their day in court on the issue formed by the attachment proceedings and the interplea involving title to lots 5 and 6, block 114, city of Tulsa, Tulsa county, Okla. The judgment of the trial court canceling the conveyance of these lots from the R. C. Geck Lumber Company to Nellie R. Geck is reversed, and the cause remanded for a trial upon the issue raised by the interplea of Nellie R. Geck.

TEEHEE, HERR, DIFFENDAFFER. and LEACH, Commissioners, concur.

By the Court: It is so ordered.