No. 23,194.

L. R. HINSHAW, *Appellant,* v. FRED HINSHAW, *Appellee,* JOHN E. HINSHAW et al., *Appellants.*

SYLLABUS BY THE COURT.

QUIETING TITLE—*Defendants' Claim of Trust Agreement—Laches Defeats Trust Agreement.* Beneficiaries under a written trust agreement must act promptly to enforce their rights when the trust is violated and repudiated. A delay of fourteen years after the recording of a deed in violation of the trust is sufficient to justify a trial court in refusing to enter judgment enforcing the trust, where the agreement, executed thirty years previously, has been lost and cannot be produced on the trial so as to inform the court of the nature and terms of the trust.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed November 12, 1921. Affirmed.

*W. W. Parker,* and *O. S. Samuel,* both of Emporia, for the appellants.

*W. L. Huggins, O. T. Atherton,* and *R. E. Boynton,* all of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action was commenced to set aside a warranty deed, to declare a will void, and to partition real property. On the trial, defendant Fred Hinshaw moved for judgment on the pleadings, the statement of counsel, and the evidence introduced by the plaintiff and the codefendants of Fred Hinshaw, and asked that judgment be entered quieting his title to the land. The motion was allowed, and judgment was so rendered. The plaintiff and some of the codefendants of Fred Hinshaw appeal.

On and prior to June 10, 1890, Andrew Hinshaw owned the quarter section of land in controversy, one hundred and fifty-three acres, and on that day, joined with his wife, Sarah Ann Hinshaw, in a general-warranty deed conveying the land to her. That deed was recorded August 20, 1891. In 1896, Sarah Ann Hinshaw executed her will, by which she bequeathed to defendant Fred Hinshaw the entire quarter section, subject, however, to certain conditions which are wholly immaterial. The will was signed by Andrew Hinshaw also. On April 13, 1900, Sarah Ann Hinshaw and her husband, Andrew Hinshaw, executed and delivered a general-warranty deed conveying to Fred Hinshaw one hundred acres off the east side of the property. That deed was recorded September 30, 1905. A copy of each deed was attached to the petition, and the will was introduced in evidence. Andrew Hinshaw died November 11, 1911, and Sarah Ann Hinshaw died April 9, 1917.

The appellants contend that when the deed to Sarah Ann Hinshaw was executed a trust agreement was reduced to writing and was signed by her and by Andrew Hinshaw. A copy of the trust agreement was not attached to the petition, and the agreement itself was not introduced in evidence. There was oral evidence which tended to show that there was such an agreement. The plaintiff testified that he saw his father and mother sign it, and there is that in the evidence which tends to show that the plaintiff took the agreement and kept it,

but he testified that he had hunted every place for it and was unable to find it. He testified that the land was to be held in trust, be kept intact, be used by the parents during their lifetime, and on their death was to descend in equal shares to all the living heirs. Another witness testified that he wrote the deed to Sarah Ann Hinshaw; that at the same time he wrote an agreement restricting the operation of the deed; that he took the acknowledgments to both instruments; and that the agreement provided that Sarah Ann Hinshaw should not dispose of the property so as to place it beyond the reach of the children. There was other evidence which tended to show that there was such an agreement.

The court in passing on the motion of Fred Hinshaw said:

"There is a claim here of a trust agreement entered into between the parties at the time this deed was made, thirty years ago. The deed is a straight, unconditional warranty deed. So far as anything appears it was absolute in every particular and the evidence of any trust agreement that it is claimed overthrew this deed should, I think, be very clear to the mind of the court in all its particulars.

"It seems, according to the evidence, that this trust agreement was mislaid or lost and never has been found. We are deprived of that instrument and its contents, whatever they were.

"On April 13th, 1900, a deed was executed by Sarah Ann Hinshaw, mother of plaintiff and defendants in this case, conveying a hundred acres of this land to Fred Hinshaw. This was recorded in 1905 and all the parties had notice in 1905 that the mother had conveyed this land to the defendant, Fred Hinshaw, by a warranty deed. After that time no steps were taken to enforce this trust agreement during the lifetime of Andrew Hinshaw and his wife, Sarah Ann Hinshaw, who undoubtedly knew all about this transaction. A cause of action on account of the violation of that claimed trust agreement arose immediately upon the conveyance of that land and an action could have been commenced at that time to impress the land with the trust that it is claimed it was conveyed under.

"It seems to me that the plaintiff has been guilty of such laches, in not beginning this suit in the lifetime of his parents, when this action could have been brought and when their testimony was available, that the court is justified in finding that the plaintiff and the co-defendants, for whose benefit this trust is claimed, ought not to be here in court claiming this property. If the suit had been brought in due time the court would have had the benefit, not only of the trust agreement, and could have determined the matter to an absolute certainty. That this court cannot do.

"Having reached this conclusion and with this view of the case, I can see no other course to follow than to give judgment as prayed for to the defendant, Fred Hinshaw, including the quieting of the title."

Hinshaw v. Hinshaw.

This action was commenced in 1919. Fred Hinshaw, in his answer, pleaded laches and the statute of limitations. The appellants, to avoid these matters, argue that no cause of action accrued until after the death of Sarah Ann Hinshaw. If there was a trust agreement, the deed of Sarah Ann Hinshaw and Andrew Hinshaw to Fred Hinshaw and the will of Sarah Ann Hinshaw were made in violation of the trust and in repudiation thereof. Whatever interest the trust agreement gave to the appellants vested in them at the time it was made and did not depend on any subsequent contingency. They had the right to bring an action to set aside the deed and enforce the trust immediately after the deed was executed. This action was not commenced until nineteen years had elapsed, and almost fifteen years after the deed had been recorded. Because of the loss of the trust agreement and because of the time that had transpired since its execution, it was difficult to ascertain its terms. These things justified the court in finding the appellants guilty of laches and in refusing to give them relief. In *Reihl v. Likowski*, 33 Kan. 515, 6 Pac. 886, this language was used:

"Equity requires that suitors should be prompt and diligent in the pursuit of the'r rights, and where there has been great delay in suing to enforce a trust, courts sometimes hold a party to have waived his rights under the trust; but so long as the trust is treated by both parties as subsisting, the right of recovery of the *cestui que trust* cannot be defeated by mere delay." (Syl. ¶ 4.)

The burden of proof was on the appellants. Their evidence did not satisfy the court concerning the terms of the trust agreement. The presumption is that the deeds recited all the facts connected with the transactions in which they were made, and this court cannot say that the presumption was overcome.

The case was submitted for judgment on the evidence of the appellants, and the court found that they were guilty of laches and determined that their evidence did not establish a right of action.

The judgment is affirmed.