### ELIZA REIHL, *et al.*, v. JOSEPH LIKOWSKI.

1. AMENDED ANSWER, *Supersedes the First.*   An amended answer and cross-petition filed in an action by the defendant supersedes the first answer, and the plaintiff cannot avail himself of an alleged defect in the original answer and cross-petition, that the defenses therein set up were inconsistent with each other. (*Jockers v. Borgman*, 29 Kas. 109.)

2. LEGAL AND EQUITABLE TITLE; *Statute of Limitations.*   When the legal title to realty is in one person and the real interest is in another, the statute of limitations will not run as between them until there is a renunciation of the trust, or until the party holding the legal title by some act or declaration asserts a claim adverse to the interest of the real owner.

3. RECOVERY OF REAL PROPERTY; *Statute Applicable.*   L. in his answer and cross-petition alleged that he was the joint owner with R. of certain real estate, that R. was in the possession of the same, and held the legal title to his interest in trust for him, and asked for a recovery thereof, and to have all adverse interest therein determined; also for an accounting between himself and R. of the taxes paid and the improvements made thereon, as well as the rents received, and for a partition of the premises. *Held,* That the main cause of action therein stated was for the recovery of real property, and that the statutory limitation of fifteen years is the one which is applicable to the action.

4. EQUITY; *Delay; Waiver.*   Equity requires that suitors should be prompt and diligent in the pursuit of their rights, and where there has been great delay in suing to enforce a trust, courts sometimes hold a party to have waived his rights under the trust; but so long as the trust is treated by both parties as subsisting, the right of recovery of the *cestui que trust* cannot be defeated by mere delay, and where, as in this action, the relations between the parties did not become adverse until August, 1877, and the action for relief was instituted in December, 1881, *held*, that there has not been such a lapse of time as alone will in equity bar the defendant of his right of relief.

*Error from Cowley District Court.*

ACTION brought by *Eliza Reihl* and others against *Joseph Likowski*, to quiet title to lot 8, in block 109, in the city of Winfield.   Trial by the court at the October Term, 1883, when the court found that the defendant was the equitable owner of the undivided one-half of the lot in controversy; that the plaintiff and the minor heirs together held the legal title thereto in trust for him, and that he was entitled to have partition

made thereof. Decreed accordingly. The plaintiff and the minor heirs bring the case to this court. The material facts are stated in the opinion.

*Jennings & Troup,* for plaintiffs in error.

*W. P. Hackney, W. A. Tipton,* and *Joseph O'Hare,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Eliza Reihl brought this action to quiet title to lot No. 8, in block No. 109, in the city of Winfield, against a tax deed held by the defendant Joseph Likowski. She alleged in her petition that she, as the widow, and John A. Reihl and Charles A. Reihl, her two minor sons, were the sole heirs-at-law of Jacob Reihl, who died intestate, in the month of July, 1877, seized in fee simple of the lot in controversy, and that she and the minor heirs have the legal title to the lot and are in the peaceable possession of the same. She sets forth the tax deed under which she says the defendant claims, and alleges it to be invalid for several reasons that are stated.

The defendant filed an answer and cross-petition, in which he first sets up his tax deed; and then for a cause of action against the plaintiff and the minor heirs, he alleges that he is the owner and has the equitable title to the undivided one-half of the real estate in controversy; that prior to April 9, 1873, Jacob Reihl, deceased, was the owner of the undivided one-half of said real estate, and C. C. Harris and B. B. Dougherty together owned the other undivided half thereof, and that on the last said day, the defendant purchased from Harris and Dougherty their interest in the lot and paid them therefor the sum of $250, and thus Jacob Reihl and the defendant became the joint owners of said real estate, each owning an undivided one-half thereof; that Jacob Reihl had become surety upon a bond given by the defendant under the dramshop act, and to indemnify him from loss by reason of such suretyship, the defendant procured the deed of the lot to be made directly from Harris and Dougherty to Reihl, it being understood and agreed

that if the defendant saved Reihl harmless, by reason of sign-
ing his bond, then Reihl, on May 1, 1876, would reconvey this
interest to the defendant. This agreement was reduced to writ-
ing, and is set forth in the defendant's cross-petition. The
defendant then entered into the full possession of the entire
lot, and continued therein until after the death of Jacob Reihl.
He further alleges that he kept the said Jacob Reihl harmless,
by reason of his signing the bond, but that Reihl died without
reconveying the property in accordance with the agreement.
The defendant also stated that while he was in possession of
the property he made valuable improvements thereon, with
the knowledge and consent of Jacob Reihl, and paid the taxes
thereon for several years; that soon after the death of Jacob
Reihl, the plaintiff gained possession of the real estate, and since
that time has collected and appropriated to her own use, rents
to a considerable amount, one-half of which he alleges is due
him, but which the plaintiff refuses to pay. He therefore asks
for a recovery of one-half of the lot in question, and for an
accounting and judgment for the amount found due him for
improvements, taxes, and rents, and that the same be made a
charge upon the other undivided half of the lot, and he also
asks that partition be made thereof.

The minor heirs were made parties, and a guardian *ad litem*
appointed for them, who filed an answer to the cross-petition
of the defendant, denying the interest therein set forth and
claimed by the defendant. The action was tried by the court
at the October term, 1883, and it found that the defendant's
tax deed was void, but that the allegations set up by the de-
fendant in his cross-petition were true; that he was the equitable
owner of the undivided one-half of the real estate in contro-
versy; that the plaintiff and the minor heirs together held
the legal title in trust for him, and that he was entitled to have
partition made thereof, and decreed accordingly. The plaintiff
and the minor heirs bring the case to this court for review.

The first point made by them is, that the court erred in
overruling their motion to require the defendant to elect upon
which of the two defenses that were set forth in his answer

and cross-petition he would rely, it being alleged that they were inconsistent with each other, and to strike out the remaining defense. It appears from the record that such a motion was made and overruled, but it was addressed to the original answer and cross-petition of the defendant. Issue was not joined upon that pleading, as it appears that some time after the decision of the court upon the motion, the defendant upon leave of court filed an amended answer and cross-petition. This latter pleading superseded the original answer filed by the defendant, and the plaintiff is therefore precluded from insisting on defects in the former one. (*Jockers v. Borgman*, 29 Kas. 109; *Garanflo v. Cooley*, ante, p. 137.)

It is next contended by the plaintiffs in error, that the cause of action set up by the defendant in his cross-petition was barred by the statute of limitations. It was alleged in the cross-petition, and also found by the court, that Likowski was the real owner of the undivided one-half interest in the lot purchased from Dougherty and Harris on March 8, 1873, the purchase-price of which was paid by Likowski. The legal title to this interest in the lot was held by Jacob Reihl in trust for Likowski. The statute of limitations therefore could not run as between them so long as the trust subsisted. The plaintiffs in error took the property subject to this trust. Where the legal title to realty is in one person and the real interest is in another, the statute does not run until there is a renunciation of the trust, or until the party holding the legal title by some act or declaration asserts a claim adverse to the interest of the real owner. There was no denial of the trust by Jacob Reihl during his lifetime, nor was there ever any act of hostility done or adverse claim made by him. He openly acknowledged that the defendant was the joint owner with him in the lot, and from March 9, 1873, they held the premises as tenants-in-common, and the stipulated rent thereof was equally divided between them. The first disavowal of the trust and adverse action were when Eliza Reihl took exclusive possession of the premises and asserted that the defendant had no right or interest therein. This was in August,

1877, and about a month after the death of Jacob Reihl, and the statute therefore did not begin to run against the defendant until that time. However, the time when the statute began to run is not very important in this case, as in our opinion the fifteen-year statutory limitation is the one which is applicable here, and that period had not elapsed since the parties first became jointly interested in the real estate in question.

The defendant's cause of action stated by him in his cross-petition is substantially one for the recovery of real property. The accounting and partition asked for by the defendant are incidental to the main action. The defendant, as was alleged and found, is the real owner of an undivided one-half interest in the premises. He jointly owned the lot with the heirs-at-law of Jacob Reihl. They denied his ownership and interest in the lot, and excluded him from the possession of the same. He sought by the action to recover the possession of the property, and at the same time to have all adverse claims thereto settled and adjusted. Clearly, then, the action comes within the provisions of the fourth subdivision of § 16 of the code, and the statutory limitation of fifteen years is the one which is applicable.

The case of *Main v. Payne*, 17 Kas. 608, cited by the plaintiffs in error is not an authority against the maintenance of this action. While in that case the plaintiff alleged that she was the equitable owner of the premises, and that the legal title to the property was held in trust for her, and asked that the same be conveyed to her, yet she did not allege that she was out of, or entitled to the possession of the premises, and did not by her action seek to obtain the possession of the property. For aught that appeared in her pleading she was in the possession of the premises, and the court therefore held that the action was not for the recovery of real property.

It is also suggested that the defendant's cause of action ought not to be taken cognizance of, because of the staleness of his demand and of his *laches* and negligence in asserting his right of recovery. It is true that equity requires that suitors should be prompt and diligent in pursuit of their rights, and where

there has been great delay in suing to enforce a trust, courts of equity sometimes refuse to grant relief and hold the party to have waived his right of relief. But so long as the trust is treated by both parties as subsisting, the right of recovery of the *cestui que trust* cannot be defeated by mere delay. In this case there was no hostile denial of the trust, and the relations between the parties did not become adverse until August, 1877, and as has been heretofore stated, the defendant's cause of action did not accrue until that time. The cross-petition of the defendant was filed in December, 1881. There has heretofore not been such a lapse of time as alone will defeat the remedy of the defendant, nor is there anything in the record to show that the plaintiffs in error have been prejudiced by the conduct of the defendant, or by his delay in bringing the action.

Lastly, the plaintiffs in error complain that they were denied a trial by jury. Upon this question they are concluded by the record, as it shows that all the parties appeared in open court and waived a trial by jury, and agreed to submit the cause to the court for trial. Afterward, it appears that there was some dispute between the court and counsel in respect to the waiver, but it is expressly stated in the judgment entry that the parties, including the guardian *ad litem*, who appeared for the minor heirs, expressly waived a jury trial; and this must be held as controlling in this court. The agreement of the guardian *ad litem* in this regard was equally binding as in the case of the other parties.

We see no error in the record, and the judgment of the district court will therefore be affirmed.

All the Justices concurring.