## VINSON v. COOK.

No. 10111—Opinion Filed Sept. 9, 1919.

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

1. **Judgment—County Court—Presumptions —Collateral Attack.**

The county courts of this state are courts of record and have original jurisdiction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumption and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction.

2. **Executors and Administrators—Settlement of Suit.**

N., residing in Pottawatomie county, Oklahoma, died intestate. C., a resident of New Jersey, claimed to be his only surviving heir and entitled to his estate. Her right was contested by others. Pending the hearing, C. died testate. D. qualified as the executor of the last will and testament of C. Thereafter, upon hearing by the county court, C. was decreed the sole heir of N. Within the time for appeal, D. and the contesting claimants entered into an agreement whereby the latter, in consideration of $3,000, agreed not to appeal from the decree so entered, and to allow the same to become final The agreement so made was approved by the county court of Pottawatomie county, and the ad-

ministrator of the estate of N. was ordered and directed to pay out of the funds of the estate of N. to the contesting heirs, $3,000. Held, that the order of the county court was not void, and that V. as administrator of the estate of N. was protected by virtue of said order in making payment.

**3. Compromise and Settlement—Family Arrangements.**

Compromises of doubtful rights are upheld by general policy as tending to prevent litigation in all enlightened systems of jurisprudence. Much more readily will courts of equity give effect to agreements of compromise of conflicting claims, especially when they partake of the nature of family arrangements.

**4. Executors and Administrators—Claims—Jurisdiction to Allow.**

N., residing in Pottawatomie county, Oklahoma, died leaving surviving him as his sole heir, C., residing in New Jersey. C. died testate prior to receiving the estate of N. Held, that the county court of Pottawatomie county, Oklahoma, was without jurisdiction to allow the administrator of N's estate credit for payment of claims against the estate of C.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Objections by R. W. Cook administrator of the estate of Enos Nichols, deceased, to approval of certain items in report of his predecessor, S. C. Vinson. From judgment of district court, on appeal from county court, disallowing said items, Vinson brings error. Affirmed as to part and reversed as to part.

Maben & Pitman, for plaintiff in error.

T. G. Cutlip, for defendant in error.

PITCHFORD, J. Prior to 1913, Enos Nichols of Pottawatomie county, Oklahoma, departed this life, leaving a large estate located in said county. Alexander Fisher was appointed administrator of the said estate, and on the 21st of November, 1913, tendered his resignation, which was accepted by the county court, and the plaintiff in error, S. C. Vinson, was designated as successor, gave bond and qualified on November 26, 1913, and continued to act as administrator until the 13th day of May, 1914, at which time he was by order of the county court, suspended and directed to file a report in said matter and did on the 25th of May, 1914, file his report as administrator aforesaid. This report was never noticed for approval, but the county court by order did approve the same, or attempted to do so, but later, Mr. Vinson moved the county court to vacate the order of approval. The application to set aside was sustained, notice was given to all parties in interest to appear at the time and place named in said notice, and object to the approval of said report, and the defendant in

error, as successor to S. C. Vinson, filed objections thereto. The objections to the various items were disallowed, except the items now under consideration. Both parties were dissatisfied with the judgment of the county court and appeals were taken to the district court. In the district court, the two appeals were consolidated, and upon the hearing the district court approved all items of disbursement except the three items now in controversy. These items are as follows: Paid Roscoe C. Arrington $3,000.00, paid F. H. Reily $1,835.00, paid attorney fees $390.00.

These items were charged back to Vinson, except 1-12 thereof, which was credited to the administrator and charged against the interest of the defendant in error. The history of the item of $3,000 paid to Arrington is as follows:

Harriet H. Nichols Cook filed an application for decree of heirship, alleging that she was the nearest relative to the deceased Enos Nichols. She died testate before the decree of heirship was determined, and J. Warren Davis was commissioned executor of her estate. Various parties claiming to be the heirs at law of the said Enos Nichols, deceased, filed their joint application to be decreed the heirs of said Enos Nichols, and entitled to the estate thereof, and it was by the county court determined in favor of Mrs. Cook on November 21, 1913. The executor of her estate was represented at said hearing by James Mercer Davis and F. H. Reily. The other petitioners were represented by Roscoe C. Arrington. The court rendered a decree finding that Mrs. Cook was the sole heir-at-law, and that the parties represented by Mr. Arrington were decreed to have no interest in the estate of Enos Nichols, deceased.

After this decree of heirship had been rendered and entered, James Mercer Davis, acting for the executor of the Cook estate, with Richard W. Cook, addressed a letter in the nature of a proposition, to Arrington & Arrington, the attorneys for the losing petitioners, to the effect that the estate was willing to allow $3,000 upon the express conditions that no appeal be taken by the losing petitioners, or any of them, from the decree of heirship, and to permit the judgment so rendered by the county court to become final. The proposition so made was accepted by Arrington & Arrington. After the expiration of ten days from the decree of heirship, J. Warren Davis, acting through one of his attorneys, F. H. Reily, and Roscoe Arrington, acting for himself and the losing petitioners in the heirship matter, and in conformity with the proposition of James Mercer Davis and Richard W. Cook, to Arrington & Arrington, of date November 21, 1913, filed in the county court their joint petition for the approval of the agreement between Davis

and Cook on one side acting for the executor of the Cook estate, and Roscoe Arrington, attorney for Mary E. Clark and others, alleging that no appeal had been taken and none would be taken, and the decree of heirship had become final, and asking that the court approve the agreement, and for an order by the county court directing S. C. Vinson, plaintiff in error, as administrator aforesaid, to pay to Roscoe C. Arrington the sum of $3,000 out of the funds of the Nichols estate.

On the 1st day of December, 1913, the petition came on for hearing before the county court of Pottawatomie county, and the court, being fully advised in the premises, found that it was to the best interest of the estate of Enos Nichols, deceased, and the estate of Harriet Nichols Cook, deceased, that said contract be in all things approved. It was ordered, adjudged and decreed that the said S. C. Vinson, as administrator of the estate of Enos Nichols, deceased, pay over to Roscoe Arrington the sum of $3,000 and take his receipt therefor, and to report said payment in his annual report to the court. Soon after said order was made, plaintiff in error issued his check to Roscoe Arrington for the sum of $3,000 as directed in said order, taking a receipt therefor. Plaintiff in error contends that he acted in good faith in making this payment, that the same was made under and by virtue of the order of a court of competent jurisdiction, and that the district court erred in holding that the same was paid without authority. The defendant in error contends that the order of the county court, authorizing this payment, was a nullity, and that notwithstanding the order, the payment was made at the peril of the administrator, and same not being a claim or charge against the estate of Enos Nichols, the judgment of the trial court finding the amount was paid without authority should be affirmed.

Was the order of the county court authorizing this payment void, or merely voidable? If the former, then the administrator made the payment at his peril; if only voidable, the administrator was protected in making the payment. In deciding these questions, we should take into consideration all the facts surrounding this estate. Mrs. Cook, a resident of the state of New Jersey, claimed to be the sole and surviving heir of Enos Nichols, deceased. Others denied this claim and sought to establish that they were also interested in the estate as heirs of the deceased. Considering the amount involved, the litigation promised to be protracted, bitter and expensive. After the court had decreed Mrs. Cook to be the sole heir, the various litigants entered into what might be denominated a compromise and settlement. The only estate involved at that time and the

only estate being litigated over and within the jurisdiction of the court was the Enos Nichols estate. So far as the brief discloses, no other parties had any interest in this estate or claimed to have any interest. The court found that it was to the best interest of the Enos Nichols estate that this compromise or settlement be approved and the same was by the court approved, and the administrator was ordered to make the payment out of the Enos Nichols estate. So far as the record shows, the administrator acted in the utmost good faith, and it would appear a great hardship and a species of injustice to hold that under all the circumstances as disclosed from the record he should be required to pay this sum out of his own funds.

The court had jurisdiction of the subject-matter and jurisdiction of the parties, and while the order might have been erroneous and set aside upon approval, yet, as no appeal was taken, the order became final, and is not subject to a collateral attack. In Moffer v. Jones et al., 67 Oklahoma, 169 Pac. 652, we find the following:

"In a collateral attack upon probate proceedings in the county court, the scope of the inquiry is confined to the question whether the county court had jurisdiction of such proceedings, and its orders will not be held void for errors or irregularities occurring during the progress of the proceeding."

Under the laws of Oklahoma, orders and decrees made by the county court or the judge thereof need not recite the existence of facts or the performance of acts upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged. Section 6489, Rev. Laws 1910. Under section 6190, Rev. Laws 1910, judgments of probate courts are to be construed in the same manner, and with like intendments as proceedings of the courts of general jurisdiction. See Greer v. McNeal, 11 Okla. 519; Wilson v. McCornack, 10 Okla. 180; Berry v. Tolleson et ux., 68 Oklahoma, 172 Pac. 630. In Welch v. Focht, 67 Oklahoma, 171 Pac. 730, the court said:

"The county courts of this state are courts of record and have original general jurisdiction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction."

It is claimed that the order authorizing this payment is void, because the same was ex parte; that the administrator was not a party to the same. Evidently the administrator was well informed of what was being done, as it seems that he made the payment without protest, and

no other person could complain. The contesting heirs who received the $3,000, if they were heirs, are estopped, as they have received and acknowledged the receipt of all interest they have in the estate. The executor of Harriet Nichols Cook is estopped from claiming that the payment was made without authority, for the reason that the payment was made upon the petition not only of Arrington, representing the other contesting heirs, but also of the parties representing Mrs. Cook in the contest upon the question of heirship. This was not a claim against the estate of Harriet Nichols Cook being paid out of the estate of Enos Nichols, but it was a compromise and a settlement entered into by the parties who claimed to be the only surviving heirs of Enos Nichols, deceased, and entitled to a share of his estate. The court found that Mrs. Cook was the sole and surviving heir. Would it be just under the proceedings as had in this case, after Mrs. Cook had petitioned for this order, and by that means closing the litigation against her claim as the sole heir, to now repudiate the action of her testator, and say that the administrator had made the payment of the $3,000 without authority? While it is true, the objection to the allowance of this item comes from the administrator of the Enos Nichols estate, yet as Harriet Nichols Cook, under the decree of the court, was found to be the only heir, and no other heirs, creditors, or persons interested are objecting, and for the additional reason that the entire Nichols estate, by virtue of said decree of heirship, must be passed to the Cook estate, we are of the opinion that in good conscience, the plaintiff in error should have been given credit for this item.

Section 6488, Rev. Laws 1910, provides for the declaration of heirships in estates. It is there provided that all persons appearing within the time as prescribed shall file their written appearance in person through their authorized attorney, and that thereafter such proceeding shall be had as provided by the law in cases of an ordinary civil action; that the issues of law and fact arising in the proceeding shall be disposed of in like manner as issues of law and fact are tried and disposed of in civil actions with like right to a motion for a new trial and appeal; that the party filing the petition shall in all subsequent proceedings be treated as the plaintiff therein; and the other parties so appearing shall be treated as the defendants in the proceeding; that an appeal shall be taken in the manner and to the court provided by law in cases of appeal in probate matters generally; that notice of taking depositions shall be served only upon the parties or the attorneys of the parties so appearing in the proceeding; that the court shall determine the

heirship to the deceased, the ownership of his estate and the interest of each respective claimant thereto, or therein, and persons entitled to distribution thereof, and the final determination of the court thereupon shall be final and conclusive in the distribution of said estate, and in regard to the title to all the property belonging thereto, and that the cost of the proceedings shall be apportioned in the discretion of the court. It would appear from the foregoing section that the administrator of the estate is not a party to the proceeding to declare heirship, and it is his duty, after the court has entered a decree ascertaining who are the heirs, to comply with the orders of the court in respect thereto. He has no personal interest in the estate. It is his duty to administer the estate subject to the orders of the court having jurisdiction thereof. The parties interested in the estate personally are the parties having claims against the estate, and especially the heirs at law of the deceased. There is no contention between the creditors and the heirs of the estate for which the plaintiff in error was administrator. We are, therefore, unable to see, had he been notified of the presentation of the petition asking for the order directing him to pay the $3,000, that he would have been in any position to resist the same.

The law looks with favor upon the settlement of disputed claims, realizing that it is to the best interest of society, and that little benefit is gained by protracted litigation; and in a case like the one at bar, where there is neither fraud nor mistake alleged or shown, and a settlement entered into by the only parties claiming an interest in the estate, as was done in this instance, when approved by the county court, and the court orders the administrator to pay the sum so agreed upon and approved, and the administrator in good faith complies with the order, he should not be made to suffer by his compliance with such order.

In Petry v. Petry, 142 Ky. 564, 134 S. W. 922, it is said:

"A valid settlement of a pending suit, including an agreement to dismiss the same, deprives the party of the right to thereafter file an amended petition."

In Smith v. Smith, 36 Ga. 184, it is said:

"Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence. * * * Much more readily will courts of equity give effect to agreements of compromise of conflicting claims, especially when they partake of the nature of family arrangements. * * * An agreement entered into upon a supposition of a right or of a doubtful right, though it afterwards comes out that the right was on the other

side, shall be binding and the right shall not prevail against the agreement of the parties. * * * The compromise of a doubtful right is a sufficient foundation for an agreement."

In Burnes v. Burnes, 137 Fed. 781, it is said:

"A contract made without fraud or mistake may not be modified by a court of equity to give either party a better bargain, while he retains all the benefits of the original trade. * * * Family settlements and compromises of conflicting claims to property are encouraged by the courts. They will not be avoided for inadequacy of consideration when without clear proof of fraud or mistake."

Relative to the $1,835, it appears that Mr. Reily, to whom this sum was paid, was hired by Mrs. Cook, and after her death he continued in the employ of her executor. Reily presented his claim for services, not to his employer, but to the administrator of the Nichols estate, for payment. This expense was incurred by him while representing the Cook estate, and the payment is attempted to be justified as an advancement to him for the benefit of the Cook estate on the theory that under the decree of the county court all the assets belonging to the Nichols estate must later on be transferred to the Cook estate, as she was decreed to be the sole heir of the Enos Nichols estate. The administrator of the Nichols estate did not incur the expenses of Mr. Reily, nor was this expenditure for the benefit of the estate for which he was administrator, and if he had paid it at the request of Mrs. Cook, or the executor of her estate, the Nichols estate would not have been liable for this expense so incurred, but the estate of Mrs. Cook might have been, and, as we have seen, the only court that had jurisdiction of her estate was the New Jersey court. It therefore follows that this item was not a charge against the Nichols estate. When the item was paid out of the Nichols estate for the assumed benefit of another estate, and in no wise incurred or caused to be expended by Vinson, and not itemized as required by statute, and not presented to the county court for a direction to pay, the payment by Vinson was made doubly hazardous, and he cannot complain because this item was charged back to him by the trial court. Nor can this payment in any way be construed to be an advancement to the heir.

Section 6458, art. 10, ch. 54, of the Rev. Laws of 1910 provides that an heir of an estate at any time after the lapse of four months from the issuance of letters of administration may present to the county court a petition praying an order for his share of the estate, and upon the heir giving bond with security for the payment of his part of the debts of the estate, and by giving notice of such application (section 6459) personally to the administrator and all persons therein interested. And section 6461 provides if, upon the hearing of such petition, it is made to appear that the estate is but little indebted, his share may be set off to him without loss to the creditors, and the court by order require the heir to execute and deliver to the administrator a bond in amount and with surety to be designated and approved by the county judge, and payable to the administrator, and conditioned for the payment when required of the heir's part of the debts due from the estate to its creditors, then the administrator shall deliver to the heir his part of the estate, or such part thereof as has been designated in the order of the court, and the cost thereof shall be chargeable against the heir. This procedure was not followed in this matter, but the administrator, without any showing whatever, or any authority from the court or without requiring a bond, conditioned as by law provided, paid to Mr. Reily the $1,835 and reported the item to the county court for credit. There is no contention that this item was a claim or a demand against the estate of Enos Nichols. This charge was for fees and expenses claimed by F. H. Reily, representing the Harriet Nichols Cook estate, which sum was paid by the plaintiff in error, not as a claim against the estate of which he was administrator, but as a claim against the estate of Harriet Nichols Cook. The county court of Pottawatomie county had no jurisdiction whatever over the estate of Harriet Nichols Cook. This estate was under the supervision of the orphans' court of New Jersey. It will not do to say that because the estate of Harriet Nichols Cook might finally be charged with this item, and that it would be the duty of the court in New Jersey to allow the claim against her estate, and the Enos Nichols estate would be transferred to the Harriet Nichols Cook estate, for that reason the county court of Pottawatomie county would be authorized to order the administrator of the Enos Nichols estate to pay claims due from the Harriet Nichols Cook estate. The county court of Pottawatomie county was absolutely without any jurisdiction in the premises, and when plaintiff in error, as administrator, paid this sum, the same was paid at his peril. Besides, it would appear that the plaintiff in error ignored sections 6339 and 6340, Rev. Laws 1910; therefore, the court did not commit error in holding that this item should be charged back against the administrator.

What has been said regarding the payment of the $1,835 item will apply with equal force

to the $390 item. The same rule and the same law apply to these items equally. We therefore hold that the judgment of the trial court as to the $3,000 item should be reversed, and that the judgment should be affirmed as to the $1,835 and the $390 items, and it is so ordered.

OWEN, C. J., and HARRISON, JOHNSON, and HIGGINS, JJ., concur.