## QUALLS et al. v. MERCHANTS & PLANTERS NAT. BANK OF ADA.

No. 10983—Opinion Filed Jan. 23, 1923.

(Syllabus.)

**1. Pleading — Motion for Judgment on Pleadings—Effect as Admissions.**

Where motion for judgment on the pleadings is filed, movant admits, for the purpose of the motion, the truth of every fact well pleaded and the untruth of his own allegations which have been denied.

**2. Same—Action on Note—Defenses.**

Where plaintiff sues on a promissory note. and alleges that the note was purchased by it before maturity for a valuable consideration, and defendants' answer that plaintiff was not an innocent purchaser for value, and that payee of the note obtained the same from defendants in consideration of an automobile, that said payee falsely and fraudulently misrepresented the material facts in regard to the automobile, which were relied upon by defendants and which induced defendants to purchase the same and to execute the note sued on to defendants' damage, etc., and no reply was filed to such answer, it was error to render judgment for plaintiff on the pleadings.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the Merchants & Planters National Bank of Ada against J. V. Qualls, W. J. Ricketts, and Ray Ricketts on promissory note. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

C. F. Green, for plaintiffs in error.

COCHRAN, J. Defendant in error filed suit against plaintiffs in error on a promissory note executed by plaintiffs in error to George A. Harrison. For convenience, the parties will be designated as plaintiff and defendants, as they appeared in the trial court.

The petition alleges that the plaintiff purchased the note before maturity for a good and valuable consideration. Defendants filed answer, denying that plaintiff was an innocent purchaser of said note, and, as an affirmative defense, alleged that the note was given as the purchase price for a certain automobile; that George A. Harrison, payee of said note, obtained same by false and fraudulent representation as to material facts in connection with the said automobile; that defendant relied on such misrepresentations to their damage in a sum equal to the sum represented by the note sued on. No reply was filed to this answer, and when case came on for trial. plaintiff filed motion for judgment on the pleadings, which was sustained. The defendants excepted to the action of the court in sustaining plaintiff's motion, and also moved that judgment be rendered for defendants. The defendants have prosecuted their appeal to this court, and insist that the trial court not only erred in rendering judgment for the plaintiff, but that judgment should be entered for defendants.

When plaintiff filed its motion for judgment on pleadings, it is deemed to have admitted for the purpose of the motion the truth of every fact well pleaded, and to admit the truth of its own allegations which had been denied. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. Applying this rule to the pleadings in this case for the purpose of the motion, it was admitted that the plaintiff was not an innocent purchaser for value of said note, and the allegations of fraud contained in defendants' answer were also admitted.

It was therefore error for the trial court to render judgment on the pleadings against defendants. The judgment of the lower court is reversed, and cause remanded, with directions that a new trial be granted.

JOHNSON, KANE, McNEILL, KENNAMER, and BRANSON, JJ., concur.