## VINSON et al. v. UNITED STATES F. & G. CO.

No. 16394—Opinion Filed April 27, 1926.

Rehearing Denied July 6, 1926.

**1. Pleading—Judgment on Pleadings—Effect and Determination of Motion.**

A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party, either the movant or his adversary, entitled thereto as the record then stands; but the motion can never prevail unless, upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties.

**2. Contracts—Construction as to Consideration—Unequivocal Language.**

Where the agreement between parties is reduced to writing and mutually signed, and where the consideration agreed upon is expressed in unequivocal language which is free from ambiguity, the obligee in the contract is estopped to insist upon a strained and unnatural construction of the language used in order to import a consideration more favorable to himself than that plainly expressed in the contract.

**3. Indemnity—Liability on Bond—Judgment on Pleadings and Opening Statement Sustained.**

Record examined, and held, that the court properly sustained a motion for a judgment upon the pleadings and the opening statement of counsel.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pottawatomie County; Asa E. Walden, Assigned Judge.

Action by United States Fidelity & Guaranty Company, a corporation, against S. C. Vinson and others. Judgment for plaintiff, and defendants bring error. Affirmed.

F. H. Reily and W. L. Chapman, for plaintiffs in error.

Ames, Lowe & Cochran and Abernathy & Howell, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Pottawatomie county by the defendant in error, United States Fidelity & Guaranty Co., of Baltimore, Md., a corporation, as plaintiff, against the plaintiffs in error, S. C. Vinson, F. H. Reily, H. T. Douglas, Jno. W. Jones,

and Mable D. Aydelotte, as executrix of the estate of J. M. Aydelotte, deceased, as defendants. The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in its amended petition that S. C. Vinson, one of the defendants herein, was duly appointed administrator of the estate of Enos Nichols, deceased, and gave bond in the sum of $400,000, with the plaintiff herein as surety, which bond was thereafter duly approved on the 28th day of November, 1913, and letters of administration accordingly issued to the said S. C. Vinson; that afterwards the plaintiff, surety company, desired to be released from said bond and made preparations to secure a release, and that the defendants, in order to prevent the plaintiff from securing its release, on the 9th day of September, 1914, executed an indemnity bond to the plaintiff in the sum of $50,000, which said bond is attached to plaintiff's amended petition.

The plaintiff further alleged that on the 10th day of May, 1917, it was adjudged that the said S. C. Vinson, as administrator, was indebted to the said estate of Enos Nichols, deceased, in the sum of $2,850.09; that an appeal was taken to the Supreme Court by the said Vinson, and the findings and judgment of the county court of Pottawatomie county were affirmed, and that thereby the said S. C. Vinson became and was indebted to the estate of Enos Nichols, deceased, in the sum of $2,850.09, with interest, and that the same constituted a liability upon the administrator's bond of the said S. C. Vinson, which the plaintiff herein had signed as surety; that demand was thereafter made upon the said S. C. Vinson for the payment thereof, but payment was refused, and thereupon demand was made upon the plaintiff as surety upon the said administrator's bond; that thereafter one R. W. Cook was appointed administrator of the estate of Enos Nichols, deceased, succeeding the said S. C. Vinson, and that afterwards, and on the 16th day of November, 1920, the plaintiff paid, as surety upon said administrator's bond, the said R. W. Cook, as administrator of the estate of Enos Nichols, deceased, the sum of $3,073.66, together with $250 attorney's fees, amounting in the aggregate to $3.323.66, with interest thereon; that after the execution of said bond J. M. Aydelotte, one of the parties thereon, died, and Mable D. Aydelotte, his widow, was appointed executrix of his estate by the county court of Oklahoma county: that she qualified as such executrix, and that thereafter the plaintiff presented to said executrix against the estate of J. M. Aydelotte a verified claim as provided by law; that the said claim was disallowed and payment refused by said executrix; that prior to the payment of said indebtedness the plaintiff demanded that the defendants herein comply with their indemnity bond and pay said indebtedness, which said defendant refused to do.

The defendants filed their answer admitting that S. C. Vinson was the adminstrator as alleged in plaintiff's petition. They further answered that at the time of the execution of the administrator's bond, one H. B. Sears was the local agent for the plaintiff surety company, and that it was agreed between the defendant Vinson and the said Sears, and the Shawnee National Bank, which was a depository of the funds of the estate, that all checks drawn by the said Vinson should receive the approval of said Sears, as agent of the plaintiff, prior to same being paid, and that the said Sears, as such agent, approved the claims and checks for which these funds had been paid out, and that the plaintiff was estopped to claim indemnity from the defendants; that the claim for which the indemnity was sought was duly filed with the administrator, duly verified, allowed by him, and reported to the court, and by the court approved and allowed, and that thereby the bond was released from liability; that indemnity was sought upon these two claims, one paid by the administrator to the defendant F. H. Reily for $1,835, and the second claim was for $390 paid out by the said Vinson as attorney's fees; that one Mrs. Cook was the sole heir of the estate of Enos Nichols, deceased, and that she was dead and an administrator appointed, and her estate was pending in Pottawatomie county entitled the estate of Harriet Nichols Cook, deceased, No. 1972; that an application was made to have said two items surcharged in favor of the said Vinson, administrator of the Nichols estate, and allowed against the estate of Harriet Nichols Cook; that orders were made in due and legal form by the county court of Pottawatomie county where said two estates were pending, and that at the time that judgment was rendered against the said Vinson, and at the time the plaintiff paid said amount, if it did pay any out, which was denied, the said orders were in full force and effect, and that it wholly failed to make a proper defense and to plead said judgment, and that if any payment was made by them it was by reason of their own negligence; that the defendants, on April 23, 1924, filed an amendment to their answer, and set forth therein that said indemnity bond was made without consideration,

and denied that the plaintiff intended to withdraw from said administrator's bond, and denied that the defendants signed said indemnity bond to prevent the plaintiff from withdrawing from said administrator's bond, and that said plaintiff had no intention of withdrawing from said bond.

The plaintiff objected to the filing of said amendment for the reason that it would vary the terms of a written agreement and change the defense, which objection the court sustained, and defendants excepted thereto.

After counsel for defendants concluded his opening statement to the jury, counsel for plaintiff moved for judgment on the pleadings and the opening statement, which the court sustained, and to which the defendants excepted, and judgment was rendered for the plaintiff and against the defendants for the amount sued for. The defendants' motion for a new trial was overruled, exception taken, and the cause comes regularly on appeal to this court by petition in error and case-made attached.

For reversal of the judgment counsel for defendants present one proposition: "That the court erred in sustaining the motion of defendant in error for judgment on the pleadings and on opening statement of counsel." It is contended that the motion for judgment on the pleadings searched the record, and that examination must be made of the petition and all exhibits and the answers of the defendants, citing Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. In the case cited it is held in the eighth paragraph of the syllabus that:

"A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party, either the movant or his adversary, entitled thereto as the record then stands; but the motion can never prevail unless upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties."

This is a suit upon an indemnity bond attached to and made a part of plaintiff's petition. Its execution is admitted. It is conceded by counsel for the plaintiff company that if any valid defense is pleaded by the defendants, plaintiff's motion for judgment on the pleadings and opening statement of counsel for defendants· should be sustained. The argument of counsel for defendants is that paragraph 2 of the amended answer states a valid defense to the plaintiff's petition. The defendants allege in substance in the paragraph referred to that at the time of the execution of the bond by

the plaintiff for S. C. Vinson, as administrator of the estate of Enos Nichols, deceased, there was an oral agreement between Vinson and the local agent of the plaintiff company, that no funds of the estate should be paid out unless the payment be approved in writing by plaintiff's agent, and that all checks drawn by Vinson were approved by plaintiff's agent; and the conclusion is drawn that plaintiff is therefore estopped from claiming indemnity under the agreement from the defendants. The amended answer, however, discloses in the next paragraph thereof, that the items paid out by Vinson, for which the plaintiff seeks indemnity in this case, were two items. one for $1,835, and the other of $390, and that those payments were made by Vinson in the month of November, 1913. The record shows that the indemnity agreement was dated the 9th day of September, 1914, so that this indemnity agreement conclusively disposes of the defense of estoppel pleaded by defendants. The indemnity agreement recites that at the time of its execution there had been disbursements made by Vinson, and that there was a question as to whether or not the administrator was legally justified in making these disbursements. The indemnity agreement then recites that:

"Whereas, the said S. C. Vinson, as principal, and F. H. Reily, H. T. Douglas, Jno. W. Jones, and J. M. Aydelotte, as sureties, have agreed to indemnify and hold harmless said United States Fidelity & Guaranty Company against any liability or loss that may be sustained by reason of having signed said administrator's bond as aforesaid, whether said liability accrued or accrues by reason of acts or conduct prior or subsequent to the date of this bond," etc.

It is clear that the indemnity bond was given to indemnify the plaintiff against losses under the administrator's bond, and this, regardless of when or how those losses occurred; and on its face the indemnity bond disposes of any defense based on estoppel on account of acts of the plaintiff in connection with the administrator's bond.

The next defense set up by the defendants in their answer is a plea that a period exceeding five years had elapsed from the time of payments made by Vinson. and that therefore plaintiff's cause of action is barred by the five-year statute of limitations. We think it sufficient to say that the plaintiff company did not sustain a loss under the administrator's bond at the time Vinson made the payments to which defendants refer in the third paragraph of their answer.

In the case of Vinson v. Cook, 76 Okla.

46, 184 Pac. 97, the opinion shows a judgment in favor of Cook and against Vinson on account of payments made by Vinson while administrator of the estate of Enos Nichols, deceased. The statute of limitations would begin to run from date of payment of the judgment by the plaintiff, that being the date upon which plaintiff sustained a loss, and the statute did not run against the plaintiff from the date of payments made by Vinson.

The next defense presented by the defendants is found in a number of paragraphs of the amended answer, to the effect that Vinson, as administrator of the Nichols estate, paid two items: one of $1,835, the other for $390, to the defendant F. H. Reily; that these payments were made in November, 1913, and that they were thereafter surcharged against the estate of Harriet Nichols Cook, deceased; that Harriet Nichols Cook was the heir of the estate of Enos Nichols, and that the payments made by Vinson were made for the benefit of her estate, and that the county court in 1917 entered orders approving these payments made by Vinson out of the Nichols estate for the benefit of the Cook estate. This court has disposed of this alleged defense in the case of Vinson v. Cook, supra. The case referred to was an action between Cook, who succeeded Vinson as administrator of the Nichols estate, and Vinson, and involved the items set out in these paragraphs of defendants' amended answer. The action originated in the county court, was appealed to the district court, and from the district court to the Supreme Court. This court held in the case cited that the payment of these two items by Vinson, to wit, $1,835 and $390, was illegal and rendered judgment against Vinson in favor of Cook for these items. Vinson cannot now contend in a suit on the indemnity bond, that the payment of these items by him was legal, and that there is no liability on his part on account of the payment of these items, this court having determined these questions against Vinson in a suit in which he was defendant and in which Cook, who succeeded him as administrator, was plaintiff, and the other defendants are in no better position than is Vinson.

The next defense pleaded in the answer, in paragraph 9 thereof, is that there was no consideration for the execution of the indemnity bond, for the reason that the payments which are the basis of the alleged liability were made by the administrator prior to the date of the execution of the indem-

nity bond, and in paragraph 10 of the amended answer defendants plead that the plaintiff was not intending to withdraw from the administrator's bond, and that therefore there was no consideration for the execution of the indemnity bond. The indemnity bond recites that the defendants herein agree to indemnify and hold harmless the United States Fidelity & Guaranty Company against any liability or loss that may be sustained by reason of having signed said administrator's bond as aforesaid, whether said liability or loss accrued or accrues by reason of acts or conduct prior or subsequent to the date of this bond.

We think it clear that, under the decisions of this court, the matters sought to be pleaded in paragraphs 9 and 10 of the amended answer as a defense, do not in law constitute a defense.

In the case of McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524, it is held in the second paragraph of the syllabus:

"Where by the terms of a written contract it is specifically stated that it is executed and delivered for and in consideration of the credit granted by one of the parties to a third person on the purchase price of certain machinery bought of said party by said third person, such provision in relation to the consideration binds the parties within the rules applicable to written contracts, and can no more be altered or varied by oral evidence than any other part of the contract, in the absence of fraud, accident, or mistake."

In the case of Curtis et al. v. Yale Oil Refining Co., 91 Okla. 93, 216 Pac. 433, it is held in the first paragraph of the syllabus:

"Where the agreement between parties is reduced to writing and mutually signed, and where the consideration agreed upon is expressed in unequivocal language which is free from ambiguity, the obligee in the contract is estopped to insist upon a strained and unnatural construction of the language used in order to import a consideration more favorable to himself than that plainly expressed in the contract."

An examination of the amendment to the amended answer offered by defendant, permission to file which was refused by the court, shows that the same did not plead any defense because the matters pleaded in said amendment attempted to vary the terms of the indemnity bond, a written instrument.

The defendants, in their answer, admitted that Vinson paid out the identical items which make up the amount of plaintiff's claim, and the record discloses that there

was no controversy in regard to the amount plaintiff should recover in the event it was entitled to recover at all.

The record discloses that the defendants wanted the plaintiff company to remain on Vinson's bond as administrator, and that in order to have the plaintiff do so it was necessary for them to indemnify plaintiff against loss, regardless of whether that loss accrued prior to the date of the indemnity agreement or subsequent thereto; that plaintiff, relying on the indemnity bond, remained on the administrator's bond as surety. It was decided by this court in Vinson v. Cook, supra, that the payments made by Vinson to one of the defendants · herein were not legally made, and a judgment has been rendered against Vinson for the amount of those payments, with interest. Vinson was unable to respond to this judgment, and the administrator who succeeded him then filed suit on this judgment against the plaintiff as Vinson's surety to recover the amount of the judgment against Vinson. The plaintiff has paid the judgment rendered against it.

We think the judgment of the lower court should be sustained.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 606, 666; 15 R. C. L. p. 579; 3 R. C. L. Supp. p. 473; 5 R. C. L. Supp. p. 843. (2) 22 C. J. p. 1172 §1569. (3) 31 Cyc. p. 608.