### HOLDRIDGE v. COWAN.

No. 20062. Opinion Filed May 26, 1931.

Dyer & Smith, for plaintiff in error.

A. E. Underwood, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Garfield county by the defendant in error, Percy C. Cowan, against the plaintiff in error, G. E. Holdridge, for permanent injunction.

The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in his petition that

he was the owner of a water supply line extending from the mains of the city of Enid to his plant and green house located just outside of the city limits. That the water supply line was purchased and laid at the individual expense of plaintiff. That said line has never been a public line. That defendant threatens and is preparing to attach his water supply line to the line of plaintiff by cutting off plaintiff's supply of water and cutting into his line; that defendant has no right, title, or interest in and to said pipe line; that if permitted to attach thereto it will cut down the water supply of plaintiff for his plant and hothouse and work great and irreparable damage and loss to plaintiff; that if said threatened acts were permitted, plaintiff would have no adequate remedy at law. The petition of plaintiff was duly verified.

After several motions were filed and amended answers of defendants were filed, and after motion to strike parts of defendant's amended answer, the record left the following answer of the defendant in the record:

"Comes now the defendant, G. E. Holdridge, leave of court first having been had and obtained to file his amended answer and cross-petition to the petition of plaintiff's, and alleges and states that he denies each and every allegation, statement, averment, and thing alleged and stated in plaintiff's petition, except as herein specifically admitted.

"Defendant admits that said water line in controversy was purchased and laid at the individual expense of this plaintiff."

This answer was verified.

Motion for judgment on the pleadings was filed by plaintiff on the grounds the answer showed the plaintiff entitled to judgment.

Judgment was entered on the pleadings for plaintiff below, granting permanent injunction. Motion for new trial was filed and overruled. To review that judgment this appeal was prosecuted.

Plaintiff in error contends that the court erred in rendering judgment on the motion of the defendant in error for the reason that the state of the pleadings presented issues of fact which required evidence to determine.

The plaintiff was required under his petition to prove: First, that he was the owner of the water supply line in question; second, that the defendant was threatening or preparing to attach to said line; third, that

it would work great and irreparable damage to plaintiff and that plaintiff would have no adequate remedy at law.

The answer of the defendant denied each and every allegation, statement, averment, and thing alleged and stated in the petition except ownership in plaintiff of the water supply line.

The answer left the burden on plaintiff of proving that the defendant was threatening or preparing to attach to said line, and that if defendant attached to it, it would work great and irreparable damage to plaintiff, and that he would have no adequate remedy at law.

In the case of Qualls v. Merchants' & Planters' Natl. Bank, 88 Okla. 150, 212 Pac. 308, in the first paragraph of the syllabus, this court said:

"Where motion for judgment on the pleadings is filed, movant admits, for the purpose of the motion, the truth of every fact well pleaded and the untruth of plaintiffs' own allegations which have been denied."

In the case of Vinson v. U. S. F. & G. Co., 119 Okla. 37, 250 Pac. 900, in the first paragraph of the syllabus, this court said:

"A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party, either the movant or his adversary, entitled thereto as the record then stands; but the motion can never prevail unless, upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties."

In the case at bar, under the state of the pleadings at the time the motion for judgment on the pleadings was sustained, the defendant had a denial of each and every allegation, statement, averment, and things allowed and stated in plaintiff's petition except he admitted ownership of the water supply lines. It was necessary, before judgment could be rendered therein, that plaintiff prove that the defendant was threatening or preparing to attach to said line and work great and irreparable damage to plaintiff.

Judgment reversed, and the trial court directed to set aside order and grant plaintiff in error a new trial.

HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., disqualified. SWINDALL, J., not participating. LESTER, C. J., and RILEY, J., absent.