DILLON v. HELM et ux.

No. 31826. Nov. 20, 1945.

163 P. 2d 539.

R. E. Bowling, of Pauls Valley, for plaintiff in error.

Haskell Paul, of Pauls Valley, for defendants in error.

GIBSON, C. J. This is an action to establish title to an undivided interest in real estate, to require defendant Bud Helm, who holds legal title thereto, to reconvey same to plaintiff, and in default of such reconveyance to have said conveyance canceled of record, and to quiet title of plaintiff to said interest against the claims of said Bud Helm and against the claim, if any, of defendant Faye Helm, wife of said Bud Helm. There is joined an action for an accounting for rents and profits. The trial court sustained a demurrer to plaintiff's petition, and plaintiff's application to amend was denied. To reverse both the judgment and the denial of application to amend, plaintiff prosecutes this appeal.

It is alleged in plaintiff's petition that plaintiff and defendant Bud Helm were owners as tenants in common of the tract of land involved, the interest of plaintiff being one-sixth and that of said defendant five-sixths; that plaintiff, an orphan niece of said defendant, at the age of ten years was taken into his home by said defendant and remained there until after attaining her majority; that on June 30, 1930, plaintiff, then of the age of 19 years, executed a warranty deed conveying to said defendant her said interest in the land and that same was placed of record on said date.

It is alleged by plaintiff that there was no consideration paid for said conveyance, that same was executed at the special request of defendant to enable him to procure a loan upon said land and in reliance upon his promise to reconvey to plaintiff her said interest therein after such loan had been procured. It is alleged that such loan was procured and that thereupon defendant was in duty bound to reconvey but had failed so to do. It is admitted in the brief of defendant in error that the loan was made by Commissioners of the Land Office upon mortgage dated July 24, 1930.

Defendant Bud Helm for answer denies generally the allegations of the petition, pleads statutes of limitation, and estoppel by laches, on which plaintiff takes issue by reply. Defendant Faye Helm filed answer in form of general denial. Defendants filed motion for judgment on the pleadings, which was considered by the court as a demurrer to plaintiff's petition and sustained as follows:

"The Court, after hearing argument of respective counsel and being well and sufficiently advised in the premises, finds, and it is hereby adjudged, that defendants' motion for judgment on the pleadings be, and the same is hereby directed to·be considered as a demurrer to the plaintiff's petition. The Court, being well and sufficiently advised in the premises, finds and adjudges, and it is hereby decreed, that defendants' demurrer is well taken and should be sustained."

Since, with defendants' consent, the trial court treated the motion as a demurrer to plaintiff's petition, we are likewise required to disregard the allegations of defendants' answer, since they were denied by plaintiff, and the trial court treated same as withdrawn.

It is admitted in the briefs of the parties that the basis of said judgment and order of the court was that it appeared upon the face of the petition that plaintiff's cause of action was barred by the statutes of limitations. The correctness of the judgment of the court

in so holding constitutes the issue on this appeal.

It is the position of the plaintiff that a cause of action is stated in the petition and that under the law demurrer to a petition should be sustained only where no cause of action is stated and the petition is not susceptible of amendment, citing in support thereof, among others, the following cases: Holdridge v. Cowan, 149 Okla. 104, 299 P. 457; Vinson v. U. S. Fidelity & Guaranty Co., 119 Okla. 37, 250 P. 900; White v. Hocker, 58 Okla. 38, 158 P. 440; Geck, Ex'r, v. Security State Bank, 133 Okla. 67, 271 P. 152; Abraham v. Gelwick, 123 Okla. 248, 253 P. 84; Good v. First National Bank, 88 Okla. 110, 211 P. 1051; Mires v. Hogan, 79 Okla. 233, 192 P. 811.

Defendants in error contend that the judgment is correct on the theory that the gravamen of the action is fraud, and it appearing that more than two years elapsed between the discovery thereof and the institution of plaintiff's action, same is barred on authority of Warner v. Coleman, 107 Okla. 292, 231 P. 1053; Chouteau v. Hornbeck, 125 Okla. 254, 257 P. 372; Mansfield et al. v. King, 160 Okla. 243, 16 P. 2d 87.

If, as a condition to her right to relief herein, plaintiff were required to obtain cancellation of her said deed to Helm on the ground of fraud, the last cited cases would be applicable and controlling. However, since it is patent from the pleadings that the action is not one for the cancellation of plaintiff's conveyance on the ground of fraud, such decisions have no applicable force.

The test whether the action sounds in fraud is thus stated in Logan v. Brown, 20 Okla. 334, 342, 95 P. 441, 20 L.R.A. (N.S.) 298:

"But this is not an action sounding in fraud. Plaintiff was not required to allege fraud in her pleading, nor to prove fraud to entitle her to relief. In the case of Brown et al. v. Cloud County Bank et al., 2 Kan. App. 352, 42 P. 593, the court held in the syllabus that:

" 'The statutory limitation of the time within which 'an action for relief on the ground of fraud' must be commenced only applies when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action, or to prove fraud to entitle him to relief.' "

A recognition of the distinction between the instant case, wherein we hold the 15-year statute is applicable, and the said cited cases, wherein the two-year statute is declared applicable, is to be found in Reihl et al. v. Likowski, 33 Kan. 515, 6 P. 886, and New v. Smith, 86 Kan. 1, 119 P. 380, wherein the provisions of the statute were construed.

In the Reihl-Likowski Case Jacob Reihl was the owner of one-half interest in land, the other half being owned by two others. Likowski purchased and paid for the interest held by the two others. Before he obtained deed therefor Reihl became surety on Likowski's bond under the dram-shop act and Likowski had the interest he purchased conveyed directly to Reihl, who agreed to convey same to Likowski on May 1, 1876, if Likowski had indemnified him against any loss by reason of the suretyship. Reihl died without having reconveyed in accordance with the agreement. The litigation arose between Likowski and the heirs of Reihl, who were in possession, and involved the question of limitations, accounting in connection with improvements and taxes, and also the question of laches. It was held:

"When the legal title to realty is in one person, and the real interest is in another, the statute of limitations will not run, as between them, until there is a renunciation of the trust, or until the party holding the legal title, by some act or declaration, asserts a claim adverse to the interest of the real owner.

"L., in his answer and cross-petition, alleged that he was the joint owner with R. of certain real estate; that R. was in the possession of the same, and held the legal title to his interest in trust for him; and asked for a recovery thereof, and to have all adverse interest therein determined; also for an accounting between himself and R. of

the taxes paid, and the improvements made thereon, as well as the rents received; and for a partition of the premises: *held,* that the main cause of action therein stated was for the recovery of real property, and that the statutory limitation of 15 years is the one which is applicable to the action."

The gist of the issue and the holding in the New-Smith Case is reflected in the following, which we quote from the opinion:

"The action in form is ejectment, but, as was shown by the undisputed evidence, to obtain the relief sought for, the plaintiff must show that a deed of record from herself to one Schultz was fraudulently obtained from her. Looking beyond the mere form of the action to the real issue therein, we hold that the action is an action for relief on the ground of fraud, and that the two-year limitation applies."

This court in Campbell v. Dick, 71 Okla. 186, 176 P. 520, Etenburn v. Neary, 77 Okla. 69, 186 P. 457, and Allen v. Warner, 105 Okla. 129, 232 P. 61, announced the rule that the 15-year statute was applicable notwithstanding it was necessary to the recovery that conveyance be avoided on the ground of fraud. The basis of the conclusion being that the cancellation of the deed was a mere incident to the action for the recovery of the land, and there was cited in support the Reihl-Likowski Case, which is authority for the application of the 15-year statute where the question of fraud was not involved. The doctrine of these cases was superseded by the holding in said Warner-Coleman Case and others relied on, wherein it is held, on authority of New-Smith (supra), that the limitation period is two years where, as a condition precedent to the recovery, equitable relief must be obtained.

For the purpose of this review we accept as true the allegation of plaintiff's petition describing the transaction had with the defendant Bud Helm.

From the facts alleged, it appears that, while said defendant became vested with title to plaintiff's interest with

power to execute a mortgage thereon, his power over and right to any estate therein ceased upon the execution of such mortgage and thereupon he held the title solely as trustee for the use and benefit of his grantor, the plaintiff, to whom he agreed to reconvey. In such circumstances the equitable title of the plaintiff to said interest in the land exists independently of and does not depend for existence upon a cancellation of said deed, and this action is in substance one for recovery of such interest. In such situation the applicable limitation period is 15 years from the time the holding became adverse in accordance with the holding of Reihl v. Likowski, supra.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

HURST, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.