TURNER et al. v. TURNER et al.

No. 33817.   Oct. 24, 1950.

*223 P. 2d 536.*

Gerald Spencer, of Oklahoma City, for plaintiffs in error.

Melton, McElroy & Vaughn, of Chickasha, for defendants in error.

HALLEY, J. The parties will be referred to as they appeared in the lower court.

Henderson Turner died in Grady county, Oklahoma, in March, 1936, intestate. He owned 140 acres of land in that county. He was survived by eight children, who were his sole and only heirs. A son, J. D. Turner, was living on the land. There was a mortgage on the premises with about $1,400 due upon it. J. D. Turner desired to get title to the land in himself, which would enable him to refinance the loan and better manage the proprety. He discussed this matter with different persons. In 1937 he went to Ada, Oklahoma, where his sisters, Nina Turner and Zelma Stamper, lived. He was accompanied on this trip by Hosea A. Haley. Haley testified that J. D. Turner represented to his sisters that they were in danger of losing the entire property by foreclosure unless it was put in his name so he could save it, and J. D. Turner definitely promised these sisters that when the emergency was cleared up he would convey to them the mineral rights included in their quitclaim deeds to him. He also promised Haley that he would do this. Haley had recommended to the sisters, Nina and Zelma, that they give quitclaim deeds to Turner. In 1939 or 1940, J. D. Turner went to the office of Orvin Vaughn, an attorney, with his sister Nina and stated to Vaughn that he wanted to deed the girls some royalty. J. D. Turner told his brother, W. B. Turner, that "he aimed to return the mineral rights to them", when speaking of his sisters Nina and Zelma.

The deed that Rachel Burroughs and her husband executed to J. D. Turner was prepared by Grady Harris of the First National Bank of Alex, Oklahoma, and the deed was signed and acknowledged in the bank. There is no evidence in the record that J. D. Turner agreed to reconvey the mineral rights to Rachel Burroughs at any time before the deed was executed. According to her evidence she received $33 for the deed. Grady Harris thought it was $75 or $100, but said that nothing was said about the mineral rights when she

514

and her husband signed the deed. The widow of J. D. Turner testified that she handled the transaction of the purchase of Rachel Burroughs' interest, and that nothing was ever said about the mineral interest being returned to Rachel. The interveners contend that J. D. Turner was holding the one-eighth mineral rights in trust for them.

This case is one of equitable cognizance. We have weighed the evidence and have reached the conclusion that the judgment of the trial court as to Nina Turner is clearly against the weight of the evidence. See Jacobs v. American Bank & Trust Co., 180 Okla. 225, 68 P. 2d 801; Ex parte Miller, 201 Okla. 499, 207 P. 2d 290. As to Rachel Burroughs, we think the weight of the evidence sustains the judgment of the trial court and that the judgment should be affirmed under the rule laid down in Preston v. Preston, 201 Okla. 555, 207 P. 2d 313.

Clearly, under Dillon v. Helm et ux., 196 Okla. 140, 163 P. 2d 539, J. D. Turner was holding the mineral rights to a one-eighth interest in trust for his sister Nina Turner, and the fifteen-year statute of limitations applies rather than the two-year statute.

Judgment is reversed as to Nina Turner, with instructions to enter judgment in her favor, and affirmed as to Rachel Burroughs.

DAVISON, C.J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur.